BROWN'S ADMINISTRATOR, Plaintiff in Error, *vs.* FINLEY,
Defendant in Error.·

1. If an administrator could maintain an action for the recovery of personal property held under a conveyance from his intestate, which was void as to creditors, a demand would first be necessary.
2. An administrator cannot impeach a voluntary conveyance of his intestate for fraud as to creditors, although the estate may be insolvent.

### *Error to Saline Circuit Court.*

*Napton*, for plaintiff in error. 1. No demand was necessary. The rule is, that no demand is necessary where the defendant's possession or detainer is ·wrongful as against the party suing, or, where there is an assertion of right hostile to the plaintiff's claim. *Jones* v. *Henry & Boggs*, 3 Litt. 50. *Boggess* v. *Boggess*, 6 Munf. 486. 2 Haywood (N. C.) 136. Ib. 186. Selwyn's N. P., tit. "Detinue, Replevin." · 1 Bibb, 189. If the Circuit Court decided correctly in permitting the administrator, under the circumstances proved, to stand in the shoes of the creditors, it is plain, that *quoad* the creditors and their representative, the plaintiff, the possession of the defendant was wrongful, if the conveyance was fraudulent, and in that view of the case, no demand was necessary. The decision of the court that the administrator, representing the creditors, was at liberty to attack the supposed gift for fraud, was inconsistent with the decision that a demand was necessary. The doctrine of demand, restricted as it always was under the common law to cases where some sort of trust, confidence or privity existed between plaintiff and defendant, and therefore not applicable to either branch of this case, is one of those absurdities which marred the general excellence of the system and tended to bring it into disrepute. It grew out of a fancied necessity, of adhering so closely to uniformity as to sacrifice good sense and natural equity. A judgment carried with it costs, and therefore a plaintiff was denied an ad-

mitted right, because the courts could not give him a judgment, to which he was entitled, without also giving him costs, to which he was not entitled. The manifest dictate of justice, in such cases, is, to give the plaintiff judgment, but compel him to pay the costs. It is submitted, that under the present code of practice, such a point cannot be raised, at the close of a contested case, where neither the plaintiff, in his petition, nor the defendant, in his answer, has said one word about it. Code of 1849, art. 6. To require a demand would defeat the very purpose of the suit, which itself implies a suspicion of fraud. 2. The court had no right to tell the jury there was no evidence of a demand, as, though there was no direct evidence, there was enough to satisfy a jury that there had been a demand. 3. The Circuit Court decided correctly, in allowing the administrator to attack the alleged gift for fraud. The contrary rule is based on the idea that the administrator represents the interests of the intestate, and cannot impeach his voluntary conveyance, because the intestate himself could not have done so. The reason ceasing, the rule ought to cease. When the administrator shows, as in this case, that the estate is totally insolvent, then, under our system, he really represents the creditors and not the distributees. Why should a creditor be compelled or even permitted to resort to his suit at law against the person in possession, under a fictitious assumption that he is an executor *de son tort*, or to a bill in equity, when the whole matter can be fairly investigated in an action like the present, and all the creditors participate *pro rata* in the benefits, in accordance with the true spirit and intent of our administration laws? This point, however, does not affect the judgment of nonsuit.

*Adams* and *Hayden*, for respondent. 1. An administrator, in a suit at law, cannot impeach a gift made by his intestate for fraud as against creditors. *Hawes* v. *Leader*, Cro. Jac. 270. S. C. Yelv. 196. 1 Brownl. 111. 4 Randolph, 368. 1 Brockenbrough, 501–507. *Osborne* v. *Moss*, 7 J. R. 161. 6 Harris & John. 61. 1 Vermont, 91. 8 B. Monroe, 81. 15 Ohio, 517–526. 7 Humphreys, 415. 3 Iredell's

Brown's Adm'r *v.* Finley.

Eq. 246. 1 Amer. Lead. Cases, 74. The administrator is not bound to take possession of or retain such property. Overton's (Tenn.) Rep. 300–304. The creditors have their remedy independently of the administration. A fraudulent donee is liable as executor *de son tort*, or the creditors may set aside the gift in equity. An administrator can in no sense be said to be the representative of the creditors. When does he become so? Does his right to sue depend upon the solvency or insolvency of the estate? If so, his right of action would have to abide the action of creditors in presenting their demands. The estate might not prove insolvent until the last year of the administration, and in the mean time, the fraudulent donee might have disposed of the property or become insolvent. The position of the administrator is antagonistic to that of the creditors, from the time he enters on his duties until he closes his administration. He stands in the place of the intestate and contests their claims. 2. A demand was clearly necessary. 1 Chitty's Plead. 180.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff claims to recover the possession of the slaves as a part of the estate of his intestate, wrongfully withheld from him by the defendant. The defendant, who is the husband of the intestate's daughter, claims the slaves as a gift to his wife by her father in his life-time. The plaintiff denies the right of the defendant under the alleged gift, on the ground that the intestate, at the time of making it, was largely indebted; that many of those debts still exist, and that, at his death, his estate was insolvent.

The Circuit Court allowed the plaintiff to impeach the gift made by his intestate, on the ground that he was then indebted, and that the gift was, as against the creditors, void; but, at the same time, nonsuited the plaintiff, because no demand of the property had been made before the commencement of the action.

Brown's Adm'r v. Finley.

1. It is argued that, as the Circuit Court allowed the plaintiff to impeach the gift as void, so far as it affected creditors, it was erroneous to require a demand. But it is clear, that the possession of the donee was a rightful possession as against the plaintiff, even under the views of law entertained by the Circuit Court, unless the property given was necessary for the payment of debts. The ground upon which the action is put, is, that there are debts of the intestate which existed at the time the gift was made, and which cannot be satisfied without the application of the property to that purpose. If a gift was made by the intestate in his life to his daughter, her possession of the property given was not wrongful as against him, nor did it become wrongful by his death, whatever might be the condition of his estate. Unless there was some act done to make the continuance of her possession wrongful, the present action, which is for the recovery of the specific property, cannot be maintained. It was necessary in the present case that a demand should have been made. 1 Chitty, 180.

2. The question, however, of chief interest to the parties is, whether an administrator, as the representative of the creditors of an insolvent estate, can recover personal property which has been disposed of by the intestate under such circumstances, that the creditors are still entitled to claim that it shall be applied to the satisfaction of their debts. Every person is familiar with the law that a conveyance of property may be void as against creditors, while it is valid between the parties and their representatives. A donor cannot avoid a gift on the ground that it was made to defraud creditors, nor can his administrator be allowed to impeach it on that ground, where there is no deficiency of assets to satisfy the debts. Does the insolvency of the estate authorize the administrator to claim the property against the act of his intestate? The creditors have their own remedies to subject the property to the satisfaction of their debts. At common law, the fraudulent donee might be treated as *executor de son tort*. *Osborne* v. *Moss*, 7 John. Rep. 161. *Dorsey* v. *Smithson*, 6 Harr. & John. 61. The cred-

itors are entitled, in a court of equity, to a decree, subjecting the property to their debts.

It has been held in Massachusetts that, under the provisions of their administration law, the administrator, as the representative of the creditors, may claim property against the fraudulent conveyance of his intestate. *Gibbons* v. *Peeler*, 8 Pick. 254. *Holland* v. *Cruft*, 20 Pick. 321. And in New York, particular provisions of their administration laws are made to authorize the like claim. *Babcock* v. *Booth*, 2 Hill, 185. So also in Connecticut, the administrator is permitted to recover against the fraudulent conveyance of his intestate. But in those states, the right to maintain an action against the fraudulent grantee of the intestate, is put upon the ground of peculiar provisions in their own statutes. In Pennsylvania there are decisions which seem to rest upon broader ground, and allow a recovery by an administrator, where the estate is insolvent, because the administrator is, in such case, the representative of the creditors, and not of the intestate. *Buehler* v. *Gloniger*, 2 Watts, 226. *Stewart* v. *Kearney*, 6 Watts, 453.

The point is not before us in the present case, so as to make its determination necessary, as it was decided in favor of the present plaintiff in error in the court below, and therefore we cannot do more than intimate our opinion upon it. Although we are not apprised of any of the earlier cases in this court, in which it was decided, there are two unpublished decisions, in which it was considered and an opinion intimated. They are, *McLaughlin* v. *McLaughlin*, (16 Mo. R.,) and *Caldwell* v. *Bower et al.*, (17 Mo. R.) In both those cases, the opinion was entertained, although we cannot say with what strength it was expressed, (as we have not access to the opinions delivered,) that the administrator would not be permitted to allege the fraud of his intestate as a ground of his recovery. This opinion appeared then, as it does now, to be most in accordance with the principles and analogies of the law. We cannot discover the principle upon which an administrator's right to sue for

property which his intestate has fraudulently conveyed, shall be made to depend upon the results of the administration, in the allowance of demands against the estate, and the collection of sufficient assets to pay them. It is admitted on all hands that, if there are sufficient assets to pay the debts, the administratior cannot recover. The sufficiency of the assets may only be determinable after the administration has progressed for years ; and, during all that time, he is considered, as to this question, as the representative of the intestate and not entitled to sue ; but if the balance turns up against the estate, he becomes the representive of the creditors, entitled to assert the fraud of his intestate. If such was the result of any provision in our statute, we would carry it into effect ; but as there is no provision that changes the relation of the administrator, as it anciently existed, we do not feel authorized to make the change by the action of this court.

The judgment is, with the concurrence of the other judges, affirmed.