George v. Williamson.

GEORGE, Plaintiff in Error, v. WILLIAMSON, Defendant in Error.

1. A conveyance made in fraud of creditors is valid as against the grantor and his heirs; it can not be impeached by his administrator.

2. A county or probate court has no jurisdiction, in such case, on the application of the administrator, though made at the instance of creditors, to order a sale of the land for the payment of debts.

3. Where a conveyance is made in fraud of creditors, they, or any one of them, may in an equitable proceeding have the same set aside. The creditor who first files his petition obtains thereby, it seems, a priority and is entitled to be first paid from the proceeds of the sale, if a sale is decreed.

*Error to Callaway Circuit Court.*

*Jones* and *Hayden,* for plaintiff in error.

The county court had power to order the sale of real estate for the payment of debts, and whether the decedent may or may not have made a conveyance of his land in his lifetime, or whether such conveyance was valid or void, is not a question for the county court to determine, as they, simply to satisfy the demands of creditors, order a sale of all the interest which the intestate had in the land which could be subjected to the demands of creditors. It is insisted that the same power exists in the county court to order a sale of real estate, where there has been a prior voluntary conveyance, as in the familiar case of a voluntary conveyance by last will, in which latter case there can be no question of its jurisdiction. In the first case, as well as the other, the conveyance is void as to the demands of creditors, and as to them the title to the land still remains vested in the grantor. Such being the case, the right, title and interest, both of property and possession, was vested in the decedent Williamson at the time of his death, and he had such an interest as could be sold for the payment of his debts. It is conceived that the only question for decision is with reference to the power of the county court to order a sale of real estate for the payment of debts, and, whether the order was made by creditors petitioning or

by the administrator petitioning in behalf of the creditors, the title would pass to the purchaser at such sale, and he could not be affected in a collateral proceeding.

II. The question as to the right of the administrator to set aside or annul the conveyance of his intestate has no application to this case, and the error consists in placing George in the attitude of administrator, and supposing that this suit is instituted by him as administrator to set aside the sale, when the whole suit is based upon the fact that he is purchaser, and suing as such to remove a cloud from his title. To show his right to purchase, see R. C. 1855, tit. Administration, sec. 32, art. 3, p. 147.

III. The subject matter of this suit is real estate and not personal property. Therefore, without reference to the question of the administrator's right to set aside the conveyance of his intestate, it has never been contended that he can do so in case of real estate, or that he could institute a suit for such purpose ; and it is conceded that his acts would be wholly nugatory as he has no legal interest in the realty. The purchaser's title to real estate under an order of sale from the county court receives its force and validity from the order of the court and not from any act of the administrator.

IV. The county court is the only proper tribunal, under our system of laws, in which to settle and adjust the claims of creditors against the estates of decedents ; and, under the provisions of our statutes regulating the pro rata distribution of estates in case of insolvency, it would be in direct contravention of the statute to allow a creditor to sue in a court of equity and thereby to obtain a lien and preference over other creditors. Hence a proceeding in the county court for the sale of the real estate for payment of debts was not only the proper but the express and peculiar remedy in such case, and is, as regards convenience, best and most wisely adapted to the speedy adjustment of small demands, and prevents the necessity of a resort to chancery, which would result—each creditor having an equal right to sue—in wasting the property in expensive and vexatious litigations.

*Hardin,* for defendant in error.

I. The decedent Williamson had not such an estate in said lands as might be sold by the administrator under orders of the county court for the payment of the debts of decedent. (R. C. 1845, p. 73, § 1, 2; p. 84, § 9; p. 525, § 2.) To subject these lands to the debts of decedent is the remedy of the creditors and not of the administrator.

II. The deed from decedent to defendant is valid until questioned by creditors of decedent and those in privity with them in the manner provided by law. (McLaughlin v. McLaughlin, 16 Mo. 242; Criddle's Adm'r v. Criddle, 21 Mo. 522; 4 Blackf. 141; Roberts on Fraudulent Conveyances, 590, note; Brown v. Finley, 18 Mo. 375.) This was the law in New York *till changed by statute.* (Osbourne v. Moss, 7 Johns. 160; 2 Hill, 185; 10 Paige, 218.)

III. If the above positions be erroneous, then the demurrer was properly sustained for the reason that there was a defect of parties in this that the creditors of decedent are not parties to this suit. (Brockman v. Bowman, 1 Hill, 338.)

NAPTON, Judge, delivered the opinion of the court.

The administrator of the estate of Thomas Williamson, at the instance of the creditors, applied to the county court of Callaway county for an order to sell the real estate of the deceased for the payment of his debts, the personal property having been exhausted. Among other tracts of land desired to be sold, the administrator represented that a certain tract, describing it, had been conveyed by the deceased in his lifetime to his daughter, and that this conveyance was fraudulent and void as against said Williamson's creditors. The county court made the order. The land in question was sold in the usual way, and the administrator became the purchaser. He then filed his bill in the circuit court against the daughter of Williamson, setting out the facts above stated, and praying the court to set aside the conveyance to the said daughter and decree the title to the land in the plaintiff. There was a demurrer to the bill, which was sustained.

In our opinion the demurrer was properly sustained. The conveyance of Williamson, however fraudulent against his creditors, was valid against him and his heirs. At his death the land constituted no part of his estate, nor could the administrator, who represented his interests, undertake to set it aside; nor had the county court any jurisdiction over the matter. The sale therefore under the order of the county court conveyed no title.

Where a fraudulent conveyance is made, the creditors or any one of them may file a bill in equity to have the same set aside; and in such cases it seems to be the better opinion that the creditor who first files his bill obtains a priority, and is entitled to be first paid from the proceeds of the sale, if a sale is decreed. (4 Blackf. 145.)

Such has been substantially declared to be the law by several previous adjudications of this court, and whatever opinion I might entertain individually in relation to the policy or propriety of the course pursued in this case, its illegality is too well settled to be now sanctioned without a change of legislation. (Brown v. Finley, 18 Mo. 375.)

The other judges concurring, the judgment is affirmed.