JOSEPH SULLICE *v* HILAIRE GRADENIGO.

The curator of an estate, as third representative of the creditors, has the right to attack a sale of property made by the deceased, as being simulated, where the succession would be insolvent if such property is abstracted from the mass.

The revocatory action may be instituted by a syndic, or administrator, without regard to the date or origin of the claims of the creditors.

Where the vendor remains in possession under a clause in the contract of sale, the vendee, in order to recover the property, must rebut the presumption of simulation, by establishing the reality of the transaction.

APPEAL from the District Court of the Parish of St. Martin, *Simon*, J. *Deblanc & Fusilier*, for plaintiff and appellant. *Simon & Gary*, for defendant.

DUFFEL, J. The plaintiff seeks to recover from the succession of *Joseph François Machet*, certain landed property and movable effects, inventoried as belonging to the deceased, but which the plaintiff claims as his own, under a contract of sale, bearing date 4th May, 1858. This sale was made by *Machet* to the plaintiff, for the sum of $1200, in deduction whereof the vendee gave in payment two notes of the vendor, dated 27th December, 1856, and secured by mortgage on the land in question ; the mortgage was executed on the 27th December, 1856. The two notes amounted, with the addition of the interest due thereon, to $821 14, and for the balance of the price the vendee assumed the payment of a debt due by the vendor to *Balthazard Berard*. By a clause of the contract the vendor reserved to himself the right of redemption, up to the 1st of January, 1860 ; and by another clause it was stipulated that the vendor would, as the employee and workman of the vendee, continue in the possession of the property, for the purpose of continuing the same line of business, to-wit, that of tanner, for account of the vendee, for stipulated wages.

The defence is, that the above sale was a simulated and fraudulant transaction, made in fraud of creditors.

The District Judge annulled the sale, decreed to the plaintiff the hides and leather inventoried as the property of the deceased, and reserved to the plaintiff the right to urge against the succession any claim for money which he may have.

The plaintiff appealed, and the appellee, in his answer, asks the reversal of that part of the judgment which is in favor of the appellant.

The evidence shows that, by deducting the property claimed, the succession would be insolvent, and this being the case, the curator, as the representative of the creditors of the deceased, has the undoubted right to set up the plea of simulation, *Judson's Administrator* v. *Connolly et al.*, 5 An. 400.

We will also assume that, under the authority of the case of *James Davis* v. *Isaac Stern*, 15 An. 177, a syndic, or administrator of an insolvent succession, may likewise institute the revocatory action, without regard to the date or origin of the claims of the creditors.

The vendor having retained, under a clause of the contract of sale, possession of the property conveyed, the vendee must, in order to recover, establish the reality of the transaction to rebut the presumption of simulation. C. C. 2456, *Michel Goutier* v. *Pierre Frederick Thomas*, 4 Rob. 435.

The notes and mortgage executed on the 27th of December, 1856, by *Machet*, present nothing suspicious, as it is not pretended or shown that he had at the time other debts, and his indebtedness to *Balthazard Berard* is equally established; hence, the plaintiff has made proof of a good and valid consideration. The evidence is ample to the effect that the plaintiff supplied *Machet* with hides to carry on the trade, and that the claim of *Berard* was paid out of the proceeds of the hides, &c. As to the reality of the sale, as understood by the parties themselves, their acts, conduct, and declarations, even their correspondence, are, on the whole, such as to leave on our minds the impression of a real contract.

If we take, in the absence of any other proof, the inventory, as the basis of the assets of *Machet*, it will be seen that at the date of the sale to the plaintiff, 4th May, 1858, he had sufficient means to pay all his debts.

| | | |
|---|---:|---:|
| Amount of the appraisement | | $2,937 00 |
| Due plaintiff and *Berard* | $1,200 00 | |
| *Josephine Sadon* | 232 00 | |
| *Michel Cicéron* | 200 00 | |
| *Colin Jubert* | 63 15 | |
| *Joseph Berthot*, on bonds and account, running from 1st March, 1857, to 1st November, 1859, $473 35, say for 14 months. | 206 64 | |
| | $1,901 79 | $1,901 79 |
| Excess | | $1,035 21 |

From the above view of the case, we conclude that the curator has failed to prove simulation or fraud.

It is, therefore, ordered, that the judgment of the District Judge be reversed, and it is further ordered, adjudged and decreed, that the plaintiff do recover from the succession of *Joseph François Machet*, the possession, as owner, of the tract of land, together with all the buildings and improvements thereon, as also the tanyard, fixtures, dependencies, hides and leather, as the whole is more fully and amply described in the public inventory made on the 29th of September, 1859, and on file in this case.

It is further ordered, that the costs of both courts be paid by the succession.