JAMES MERRY and JOHN GLENNY, Appellants, v. ADELE B. FREMON et al., Respondents.

1. *Chancery — Fraudulent conveyances.*—It is necessary to exhaust all legal remedies before applying for the assistance of a court of chancery. In exhausting the legal remedies a lien may be created upon property sought to be charged, but a lien is not necessary in order to obtain the assistance of a court of chancery. A lien is the incident, but not the object, of the proceedings. It is generally necessary to show the issuance of an execution and a return of *nulla bona*, but it may be dispensed with where it is shown that the debtor was insolvent.

2. *Probate Court—Fraudulent conveyances.*—The Probate Court has no power to set aside a conveyance of deceased on the ground of fraud.

3. *Administrator — Fraudulent conveyances.*—A conveyance can not be impeached by the administrator of the grantor as being fraudulent on the part of the grantor.

4. *Administrator — Fraud — Parties.*—An administrator is not a proper party to a suit to set aside a conveyance of the deceased as being a fraudulent act of the deceased.

*Appeal from St. Louis Circuit Court.*

*Lighthizer*, and *Smolley*, for appellants.

I. The Probate Court of St. Louis has no equitable jurisdiction. The premises conveyed by trustee Dick to LeBeaume, however fraudulent the deed, formed no part of C. Zelina Fremon's estate at the time of her death, nor had the Probate Court any jurisdiction over them. (George v. Williamson, 26 Mo. 193; McLaughlin v. McLaughlin, 16 Mo. 242.) To perfect the right of creditors to set a deed aside, they must first exhaust the personal estate. (Bird v. Boldue, 1 Mo. 701; Moffit v. Ingham, 7 Dana, 495.)

II. The administrator of C. Zelina Fremon could not under-

take to set aside the deed in question. The conveyance, however fraudulent and void as to her creditors, was valid and binding as against her and her heirs. (George v. Williamson, *supra*; McLaughlin v. McLaughlin, *supra*; 7 Johns. 160.)

III. Appellants are entitled to have the colorable title, under the fraudulent conveyance to the respondent LeBeaume, set aside by a decree of a court of competent jurisdiction in an equitable proceeding. (Lillard v. McGee, 4 Bibb, Ky., 165.)

*Garesche*, and *Bakewell & Farish*, for respondents.

I. The Circuit Court had no jurisdiction to grant the relief sought. No order of sale or execution against the estate of a deceased person can issue from that court; the Probate Court alone has such authority.

II. As an application for a *scire facias*, to revive the lien of a judgment, the petition was defective in not making the administrator of Zelina Fremon a party. (Gen. Stat. 1865, p. 637, § 15.)

III. As a bill in equity, to set aside a conveyance for fraud, the bill was defective in this, that it showed that the lien of appellants' judgment had expired, and they were in no position to invoke a court of equity to set aside the conveyance.

CURRIER, Judge, delivered the opinion of the court.

This is a petition in equity filed by the plaintiffs, who are creditors of C. Zelina Fremon, deceased, against Louis A. LeBeaume, trustee of said deceased, and also of her children, who are joined with said LeBeaume as co-defendants. The object of the petition is to subject certain real estate described therein to the payment of the indebtedness of said C. Zelina Fremon to the plaintiffs, said indebtedness having been reduced to judgment in the lifetime of said Fremon. This judgment was duly allowed and classed by the Probate Court as a claim against her estate. The petition charges that said real estate was acquired with the funds of said deceased, and that the title thereto was, in fraud of the rights of her creditors, vested in said LeBeaume in trust

for her use while she should live, and after that for the use and benefit of her said children. The petition also shows that her estate proved insolvent, and that all the assets which came to the hands of the administrator have been fully administered upon ; that the administration has been closed, leaving a balance of $702.21 due the plaintiffs on the said claim, classed and allowed as aforesaid.

The original judgment in favor of the plaintiffs was rendered in the month of April, 1863. The present suit was commenced October, 1868. The petition is demurred to mainly on the alleged ground that it does not state facts sufficient to constitute a cause of action, or to warrant the relief prayed for. It is supposed to be defective in this particular, because it shows upon its face that the lien of the plaintiffs' original judgment has expired. This objection appears to be based upon the idea that the real estate in question can not be subjected to the plaintiffs' claim, or to judgment in a chancery proceeding, without the basis of a legal lien to found the proceedings upon ; or, to state the proposition in more general terms, it would seem to be the view of the defendants' counsel that a creditor, before he can rightfully question in chancery the propriety of the disposition which his debtor may have made of his property, must first fasten and and maintain upon such property a valid lien at law.

It is doubtless true that the creditor in this class of cases, before resorting to chancery, must first exhaust his legal remedies, whatever they may be. In doing so he may create a lien upon the property sought to be subjected. The creation of such lien is, perhaps, an ordinary incident to such preliminary proceedings at law. But the lien is the incident, and not the object, of the proceedings. The object is, in the first place, by judgment, to reduce the creditor's claim to certainty—to show that he is in fact a creditor. Unless the party shows that, he has no concern with his debtor's supposed frauds. • It is therefore necessary for a party claiming to be a creditor, to show by appropriate proceedings at law that he is in fact so, before a court of chancery will, at his instance, enter into an investigation of acts and transactions alleged to be fraudulent as to

creditors. Nor will a court of chancery interfere except in the last resort, when it is shown that the creditor has exhausted his legal remedies. It is therefore usually necessary for the creditor not only to reduce his claim to judgment, but to seek the enforcement of such judgments by execution. Ordinarily, therefore, the creditor must show the issuance of an execution and its return *nulla bona*. That is the proper evidence of the debtor's insolvency and of the creditor's inability to make his money by legal process. When the creditor has obtained his judgment and sought thus ineffectually to enforce it, he is in a position to appeal to a court of chancery to remove obstacles which may have defeated a collection at law, and for such aid as may be appropriate to the circumstances of the case. It is not necessary, however, that he should show the existence of a lien upon the property proposed to be charged, although such lien may ordinarily exist, in such cases, as an incident to the judgment. The lien of the judgment is created and regulated by statute. Were the statute giving the lien repealed, that would not affect the right of the creditor to have his judgment satisfied out of the debtor's property, or out of the property which the debtor may have fraudulently conveyed. If a lien were necessary in all cases as a foundation for proceedings in equity, creditors would be without remedy where their debtor should fraudulently convey his property, and then die before judgment could be had against him. Such a result would be monstrous.

The essential condition to proceedings in equity, in these cases of fraudulent conveyances, is that the creditor shall first apply and use his legal remedies; and this does not necessarily involve the issuing of an execution, as where the judgment is against an insolvent estate. (McDowell v. Cochran, 11 Ill. 31; also, 21 Ill. 337.) It has also been held that where it is shown that the debtor was insolvent, and that the issue of an execution would necessarily be of no practical utility, its issue might be dispensed with. (Postlewait v. Howes, 3 Clark, Iowa, 366.)

In the case at bar the indebtedness is established by the judgment of the Probate Court, allowing the plaintiff's original judgment as a subsisting claim against said deceased's estate. The

first judgment was merged in the second, and would not therefore seem to be of any continuing importance. The fraud charged in the petition is admitted by the demurrer. The estate of the deceased proved insolvent, and the creditors made all out of it which they could secure in that direction. In a word, they fully applied and exhausted their legal remedies. The Probate Court could grant no relief. It had no jurisdiction of the fraud. (26 Mo. 190.) Nor could the fraudulent conveyance be impeached by the administrator. He was bound by the acts of the deceased, as were also her heirs. (McLaughlin v. McLaughlin, 16 Mo. 242 ; George v. Williamson, 26 Mo. 190.)

The plaintiffs are, therefore, without remedy, except in this form ; and, as they have exhausted all legal modes of redress, justice must be administered by calling into exercise the powers of the court of chancery. (See Potts v. Blackwell, 3 Jones' Eq., N. C., 449 ; State Bank v. Ellis, 30 Ala. 478 ; Quarles v. Grigsby, 31 Ala. 172 ; Greenway v. Thomas, 14 Ill. 271.)

All the parties interested in the real estate in question appear to be before the court. The estate of the deceased, subject to administration, has been fully administered, and the trust of the administrator terminated. There would not; therefore, seem to be any administrator to join in the suit. But if there were, to what end should he be made a party? He has no interest in the matter, and, as we have seen, is not permitted to contest the validity of the transaction charged with the alleged fraud.

All persons interested in the subject of the litigation are joined and brought in, and that would seem to be sufficient. It is purely a controversy between them and the plaintiffs, and not between the plaintiffs and the administrator.

The judgment of the Circuit Court, for these reasons, is reversed and the cause remanded. The other judges concur.