————o————

MARK JACKMAN, Respondent, *vs.* LEWIS W. ROBINSON, *et al.*, Appellants.

| 64 | 289 |
|---|---|
| 35a | 126 |
| 64 | 289 |
| 42a | 599 |
| 64 | 289 |
| 111 | 288 |
| 64 | 289 |
| 175 | ¹727 |

*Equity—Action to set aside deed of intestate for fraud and subject property to sale—Parties to suit, who are and who are not proper—Bill—Allegations showing equity—Demurrer.*

1. In proceedings by the creditor of an estate to subject to the payment of his debts, land alleged to have been conveyed away by the intestate in fraud of his creditors, neither the administrator nor the other creditors, nor the fraudulent grantees of the land who have parted with their interest are proper parties. But the grantees who have not so conveyed and who claim the property must be joined. And where a grantee is a married woman her husband should be made party. (Wagn. Stat. 1001. § 8.)

2. In such suit the petition alleging that judgment has been obtained on plaintiff's demand against the estate, that the judgment is unpaid and the estate wholly insolvent, is not demurrable as showing a legal remedy. On the other hand the proceeding begun by him is plaintiff's only remedy.

*Appeal from Howard County Circuit Court.*

*S. C. Major, Jr.*, for Appellants, cited : Bump. Fraud. Con. 516, 522, 523 ; Coates vs. Day, 9 Mo. 300 ; Merry vs. Freeman, 44 Mo. 518 ; McDowell vs. Cochran, 11 Ill. 34 ; Peasley vs. Barney, 1 Chip. (Vt.), 335 ; Phares vs. Leachman, 20 Ala. 678 ; Snodgrass vs. Andrews, 30 Miss. 88 ; Barton vs. Bryant, 2 Ind. 189 ; Waddell vs. Williams, 37 Tex. 351 ; Bachman vs. Sepulveda, 39 Cal. 688 ; Shields vs. Barrow, 17 How. [U. S.] 130 ; Barney vs. Baltimore, 6 Wall. 280 ; Butler vs. Jaffray, 12 Ind. 510 ; Henderson vs. Dickey, et al., 50 Mo. 164 ; Bobb vs Woodward, 50 Mo. 101 ; Herrington vs. Herrington, 27 Mo. 561 ; Ryland vs. Callison, 54 Mo. 513 : Gentry vs. Robinson, 55 Mo. 260 ; Street vs. Goss, 62 Mo. 226 ; Titerington vs. Hooker, 58 Mo. 593 ; Pearce vs. Calhoun, 44 Mo. 271 ; Sto. Eq. § 370 ; Bisp. Eq. p. 474, § 534 ; Bennett vs. McGuire, 58 Barb. 625 ; Gaylords vs. Kelshaw, 1 Wall. 81 ; Miller vs. Jamison, 24 N. J. Eq. 44 ; Huff vs. Price, 50 Mo. 228 ; Beal vs. Harrison, 38 Mo. 435 ; Reaume vs. Chambers, 22 Mo. 36 ; Merritt vs. Merritt, 62 Mo. 150.

*Herndon & Herndon*, for Respondent, cited : George vs. Williamson, 21 Mo. 190 ; Merry vs. Freeman, 44 Mo. 518 ; Cheeley's Adm'r vs. Wells, 33 Mo. 1061 ; Pattern vs. Cary, et al., 57 Mo. 118 ; Stivers vs. Home, 62 Mo. 473.

NORTON, Judge, delivered the opinion of the court.

This is a proceeding in equity by plaintiff as a creditor of one John F. Rucker, deceased, to subject certain lands, described in the petition, to sale for the payment of his debt. The petition alleges that said Rucker, in his lifetime, was indebted to plaintiff by two promissory notes, which after the death of Rucker were allowed against his estate, amounting to the sum of $410.47 ; that said debts were contracted in 1860, and that said Rucker, in 1866, purchased the lands sought to be subjected to sale, paying therefor the sum of $2,500, six hundred dollars of which was furnished by the wife of said Rucker ; that John F. Rucker, at the time of said purchase, was insolvent, and for the purpose of de-

frauding his creditors caused said land to be conveyed, without any consideration, to one Jonathan Rucker, with a secret trust for said John F. Rucker, his wife and children; that said Jonathan had knowledge of the fraud, and in 1867, a short time previous to the death of said John F., conveyed said lands to him in trust for his wife and children; that said John F. died in 1867 and his estate was administered upon by one Wm. H. Rucker, to whom after his administration all the children and heirs at law of said John F. deceased, except the defendant, Caroline Miller, conveyed, by deed of quit-claim, all their interest in said land; that said William H., at the time he accepted said conveyance, knew that the lands had been fraudulently conveyed to the said Jonathan Rucker, for the purpose of defrauding the creditors of said John F., deceased; that defendant, Robinson, afterwards, in March, 1868, procured a conveyance of the interest of Jane Rucker, widow of said John F., in said lands, and also in September, 1868, procured a conveyance from said William H. Rucker, to whom all the heirs and children of said John F. had conveyed except defendant, Caroline Miller, to be made to defendant, Robinson, in trust for said Robinson's wife and children; that said conveyance was made without any consideration, and was accepted by defendant, Robinson, for the purpose of defrauding the creditors of said John F. Rucker, and that Robinson had knowledge of the fact that said John F. Rucker was insolvent at the time said land was purchased, and also at the time of his death. The petition fully charges the insolvency of the estate of the said John F. It alleges that nothing has been paid on his claim and that there was nothing to pay with. The defendants demurred to the petition, which demurrer was overruled by the court and a decree entered for the sale of the land.

It is insisted that the court erred in overruling the demurrer, because it appeared on the face of the petition that neither the administrator of John F. Rucker, deceased, nor the fraudulent grantees, nor all the creditors of said John F. were made parties.

We do not think that in a proceeding of this character the purpose of which is to attack and avoid the fraud of the intestate, the administrator is either a necessary or proper party.

It has been held by this court that an administrator cannot impeach the fraudulent conveyance of his intestate ; that he has no interest in the matter and is not a necessary party to suit brought for that purpose ; that such a controversy is one purely between the creditor and the administrator. (Merry vs. Freeman, 44 Mo. 518 ; George vs. Williamson, 26 Mo. 190 ; Brown vs. Finly, 18 Mo. 375 ; Cheely's Adm'r vs. Wells, 33 Mo. 106.)

It is urged as a further objection that all the creditors of John F. Rucker, deceased, were necessary parties, and that the petition was defective in not making them parties. In George vs. Williamson, *supra*, it was held, Judge Napton speaking for the court, that, " when a fraudulent conveyance is made, the creditors or any one of them may file a bill in equity to have the same set aside ; and in such cases it seems to be the better opinion that the creditor who first files his bill obtains a priority and is entitled to be first paid from the proceeds of the sale if a sale is decreed." The above rule seems to be founded on the principle that the creditor or creditors whose diligence, after legal remedies are exhausted, pursues the property of a fraudulent debtor into a court of equity, are entitled to a preference as the reward of their vigilance. If the creditor whose execution is returned unsatisfied, and whose remedies at law have been fruitless and unavailing, prosecutes the race of legal diligence by the commencement of a suit to defeat a fraud and enforce the sale of property held by a fraudulent conveyance he ought to reap the benefits resulting from his diligence. (Weed vs. Pierce, 9 Cow., 721 ; Corning vs. White, 2 Paige, 567.)

We do not think that the fraudulent grantees who had parted with their interest in the land sought to be subjected to sale, and who had conveyed the same to defendant, Robinson, as trustee for his wife and children, were necessary parties. They claimed no interest in it and could not be affected by any decree which might be rendered in the case.

It is said that the petition discloses a legal remedy for the collection of plaintiff's debt, and for that reason the demurrer to it ought to have been sustained.

We think it discloses no such remedy. The petition alleges that judgment was obtained on plaintiff's demand against the estate of Rucker ; that the estate was wholly insolvent ; that judgment had not been paid and that there was nothing to pay with. He could proceed no further at law, for there was nothing to proceed against.

In the case of George vs. Williamson, *supra*, it was held that a probate court in such cases has no jurisdiction to order the sale of the land, fraudulently conveyed by intestate for the payment of debts, even though such application for sale was made by creditors through the administrator. Plaintiff's only remedy is the one to which he has resorted in this case. While, as before stated, fraudulent grantees who have parted with their interest are not necessary parties, yet it is necessary to make all such grantees who have not parted with their interest, and who claim under the fraudulent conveyances sought to be impeached, parties to the proceeding.

This has not been done in this case so far as Caroline Miller, one of the defendants, is concerned. It appears from the petition that Caroline Miller, who obtained an interest under the conveyance alleged to have been made by Jonathan Rucker to John F. Rucker, was the wife of one Miller, and she is made a party without the husband being joined with her. She is sued without her husband being joined with her, and in this respect the petition is defective, and the demurrer to it on that ground was well taken.

Wagn. Stat. p. 1001, provides that where a married woman is a party her husband must be joined with her in all actions except those in which the husband is plaintiff only, or the wife plaintiff and the husband defendant.

It was held in Latshaw, *et al.* vs. McNees, *et al.* (50 Mo. 384,) that a married woman cannot now be sued alone, except when the husband sues her.

Judgment reversed and cause remanded, the other judges concur.