ZOLL v. SOPER, *Plaintiff in Error.*

1. **Fraudulent Conveyance**: ACTION TO SET ASIDE: LIMITATION. So long as the right to have execution upon a judgment continues, the plaintiff may maintain an action to have the judgment declared a lien on land fraudulently conveyed by the defendant. To maintain such action it is not necessary that the land shall first have been sold under execution. The creditor may, however, if he chooses, pursue that c

2. ———: ———: JURISDICTION. The fact that the fraudulent debtor is dead does not make such an action cognizable in the probate court. His estate has no interest in the matter. The circuit court is the proper forum.

3. ——— : ——— : INTEREST. A decree establishing the lien of a judgment creditor upon land fraudulently conveyed by his debtor, properly allows interest upon the original judgment from its date, at the rate therein specified.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*F. P. Wright, Belch & Silver, E. A. Nickerson* and *G. W. Houts* for plaintiff in error.

*John J. Cockrell* for defendant in error.

HENRY, J.—Plaintiff sues as the administrator of the estate of Jacobs & Kelly; and in his petition alleges that in April, 1866, he, as administrator of Jacobs & Kelly, obtained a judgment against John Yelton in the Johnson circuit court for $2,554.79, and in May following on an execution issued on said judgment, realized about $1,268;

that Yelton had no other property out of which the debt-
could be made, except an equitable title to the land in con-
troversy herein, sixty acres, which it is alleged, was pur-
chased by Yelton with his own money, but the deed at his-
suggestion was made to his wife; and it was charged that
this was a contrivance to delay and defraud his creditors;.
that Yelton died intestate in the fall of 1866, and that his-
widow, Sally, has since intermarried with and is now the
wife of Charles Soper. The prayer of the petition is that
said real estate be subjected to the payment of said judg-
ment, and that defendant Sally be declared to hold the-
land in trust for payment of said judgment.

The answer denies all the allegations except that Sally
Soper has the legal title to the land, and alleges that
Francis M. Cockrell, William Cornetz and William Zoll
purchased all the right, title and interest in and to the
judgment in favor of Zoll, as administrator, and are the-
real parties in interest, and that plaintiff ought not to·
maintain this action. By his replication, this allegation is·
denied by plaintiff. The court on hearing the cause made
a decree, adjudging that the judgment aforesaid was a lien
on the land, and that the land be sold to satisfy the balance·
due on the judgment, and that out of the proceeds the
sheriff should first satisfy the costs of this suit, and then
pay to plaintiff the balance due on the judgment with ten
per cent interest thereon from the 7th day of September,.
1866.

The bill of exceptions having been stricken out, on
motion of respondent, we are restricted in our examina-.
1. FRAUDULENT tion of the cause to the record proper. That
CONVEYANCE: ac- the petition states a case of fraud against
tion to set aside:
limitation. Sally Soper and her former husband, John
Yelton, is clear; and while in such a case, the creditor·
who seeks to subject the land to the payment of his judg-
ment, might have the land seized and sold under execution,
he may in the first place resort to equity, to have the fraud-
ulent deed set aside in order to remove the· cloud from the·

title, and sell the land to the best advantage. It is con-
tended, however, that the judgment having been rendered
in April, 1866, and this suit not having been instituted
until August, 1873, the lien of the judgment had expired,
and, therefore, plaintiff could not maintain this action.   By
section 11, page 791, Wagner's Statutes, volume 1, "Exe-
cutions may issue upon a judgment at any time within ten
years after the rendition of such judgment.'   While the
right to have an execution on the judgment continues, the
creditor may institute his suit to set aside a fraudulent
conveyance made by his debtor, and subject the land to the
payment of his debt.   A sale under an execution in such
case would be in effect but the sale of a law suit, and the
land would be sacrificed, and no one could possibly be
benefited materially, but the purchaser—and he only in
the event that he succeeded in setting aside the fraudulent
deed.   While the creditor might have the land sold on
execution, equity will not compel him to pursue that ruin-
ous course.

It is insisted by appellant's counsel, that plaintiff's
judgment should have been presented to the probate court
2. ——: ——:   and assigned to its class, and the relief he now
jurisdiction.          asks been sought in that court, and *Tittering-
ton v. Hooker*, 58 Mo. 593, is relied upon.   But it has been
repeatedly held by this court, that an administrator can-
not impeach a voluntary conveyance of his intestate for
fraud as to creditors, although the estate may be insolvent.
*Brown's Adm'r v. Finley*, 18 Mo. 375; *George v. Williamson*,
26 Mo. 190; *Merry v. Freemon*, 44 Mo. 518.   In *George v.
Williamson*, it was held that any creditor may, in an equi-
table proceeding, have a conveyance in fraud of creditors
set aside, and that a creditor who first files his petition
obtains a priority if a sale is decreed ; and that at the
death of the fraudulent grantor the land so conveyed con-
stituted no part of his estate.   The administrator is not a
necessary or proper party to a suit to set aside a convey-
ance of his intestate, alleged to have been made in fraud

of creditors. *Merry v. Fremon*, 44 Mo. 518. Land conveyed by the intestate in fraud of his creditors, is not assets of his estate, and this distinguishes this from the case of *Titterington v. Hooker*, where the land belonged to the intestate at his death, and was subject to administration. If the land in controversy should be sold for more than may be required to pay plaintiff's demand, the surplus would not be assets of the estate, but would belong to Mrs. Soper, subject to the demand of any other creditor of her former husband who might maintain his suit against her for the purpose of enforcing its payment by her.

The court having found that the original judgment in favor of plaintiff against Yelton bore ten per cent interest 3. ——: ——: per annum, there was no error in the allowance by the decree herein of that rate of interest. interest on plaintiff's demand from the date of the original judgment. Discovering no error in the record, the judgment, with the concurrence of all the judges, is affirmed.