## CLAFLIN and others *v.* LISSO and others.*

*(Circuit Court, E. D. Louisiana. June, 1883.)*

1. JURISDICTION.

    The jurisdiction of the United States courts, previously acquired, cannot be ousted by proceedings in insolvency under state laws, when the parties invoking the jurisdiction have not participated in the insolvent proceedings.

2. SAME.

    Where an equitable levy had been made upon a judgment, and notice had been given to the claimants thereof, and to the plaintiffs and the defendant therein, so far as possible the assets had been taken into the possession of the court. Only constructive possession could be taken in such a case; the appointment of a receiver would not have aided the possession of the court, and was not necessary; and a state court could not acquire possession of, or jurisdiction over, the assets by subsequent proceedings before it under the state insolvent laws.

In Chancery.

Complainants had a judgment, and execution returned *nulla bona,* on the law side of the court, against Lisso & Scheen, and filed a creditors' bill on the equity side against Lisso, Scheen, Bertha M. Lisso, Jerry H. Beaird, and others, alleging, among other matters, that Lisso & Scheen had a judgment in the state district court of Caddo parish against Beaird, which was claimed by Bertha M. Lisso as transferee thereof, which claim they denied, and alleged to be fraudulent and void. They prayed that this judgment and other assets might be subjected to their claims as complainants, with usual prayers for injunction and receiver. The injunction, by restraining order, was granted, and was never dissolved. In the progress of the cause a motion for a receiver was denied; for what reason does not appear. Process was served on all defendants in April, 1880, and in May, 1880, Lisso & Scheen went into insolvency in the state court, and Christopher Chaffe was appointed "syndic," with rights and duties resembling those of an assignee in bankruptcy. By direction of the court Chaffe was made a party, and filed a cross-bill claiming the property covered by the bill.

*John H. Kennard, W. W. Howe,* and *S. S. Prentiss,* for complainants.

*J. C. Egan* and *T. L. Bayne,* for defendants.

PARDEE, J. There is no dispute as to the facts in this case, and it is not necessary to recapitulate them in order that my views may

---

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

be understood. Under the creditors' bill in this case the complainants would be entitled to a decree subjecting the judgment described in the bill to the payment of their judgment almost as a "matter of course." The question now presented is whether the insolvency proceedings under the state law can have such operation as to defeat the rights and advantages of complainants as acquired by their bill, its service, and the injunction accompanying. They acquired "a lien in equity" upon the judgment; they made an "equitable levy" upon it. *Miller* v. *Sherry*, 2 Wall. 249. See, also, 9 Cow. 722; 26 Mo. 190; 46 Ill. 277; 11 Ala. (N. S.) 988; 2 Sandf. Ch. 494; 57 Ala. 414; Rev. Civil Code La. art. 1977; 7 La. Ann. 633; 8 La. Ann. 453.

Now it seems to be well settled that the jurisdiction of the United States courts, previously acquired, cannot be ousted by proceedings in insolvency under state laws, when the parties invoking the jurisdiction have not participated in the insolvency proceedings. *Suydam* v. *Broadnax*, 14 Pet. 67; *Union Bank* v. *Jolly's Adm'rs*, 18 How. 507; *Green's Adm'x* v. *Creighton*, 23 How. 90. But it is claimed that, as no receiver was appointed, the court did not take possession of the *res*, and that, therefore, although complainants may have a lien on the equitable asset, yet by virtue of the insolvency it passed into the hands of the state court, whose possession cannot be divested. It is well understood that where a state court has lawfully obtained possession of property no federal court will interfere to divest that possession. And this is what is said so well in the case of *Levi* v. *Columbia Life Ins. Co.* 1 McCrary, 34, [S. C. 1 Fed. Rep. 206,] relied upon by counsel for syndic in this present case. Judge McCrary says, after reviewing the authorities:

"Hence the broad principle remains, * * * that whatever tribunal, state or federal, lawfully has possession of the *res* of an estate, it shall proceed to the full administration thereof, without interference by another tribunal."

The point in this case is, not whether the state court under the insolvency proceedings became vested with the possession and control of all the surrendering debtors' assets, but whether, by virtue of the previous proceedings in this court, this court had or not jurisdiction and control of the particular asset, the Beaird judgment. If it had, the subsequent insolvency proceedings could not divest that jurisdiction and possession. We have seen *supra* the effect of the proceedings here. An equitable levy had been made on the judgment. Notice to Beaird and to the pretended claimants, and to Lisso & Scheen, the debtors of complainants, had been given directly, and to all the

rest of the world constructively, of such levy, and, so far as possible under the circumstances attendant, the asset had been taken into the possession of the court. Only constructive possession could be taken in such a case. Only a constructive possession can now be claimed for the state court and its officer, the syndic. How the appointment of a receiver would have aided the possession of the court in such a case I am unable to see. Had the property been susceptible of transfer and removal, a receiver might have been able to prevent it; but such is not the case. The fact is, Lisso & Schoen had been enjoined from disposing of or transferring the judgment, and Beaird, who owed the amount, had been brought into court with full notice. The hands of the court were on the property as fully as if a receiver had been appointed and the judgment had been ordered assigned to him.

The case of *Townsend* v. *Miller*, 7 La. Ann. 632, was very like the present case, so far as the facts go. Pending the proceedings to reduce an alleged fraudulent judgment in favor of the debtor's wife, the debtor made a surrender of his property, which was accepted by the judge, and a syndic appointed. When this syndic claimed the fruits of the creditor's vigilance, the supreme court said: "We know of no rule of law which would deprive the plaintiffs of the full benefit of their judgment; there is certainly no principle of justice which would justify such a course on the part of the court." And in the present case I can see no justice in allowing the tardy surrender of the debtor, after the complainants' rights were fixed, to defeat the demands of complainants and deprive them of the just reward of their vigilance. I have examined the numerous authorities cited for the cross-complainant, but I find none of them to support his pretensions. The numerous New York cases referred to which come nearest to sustaining the proposition that the court only takes possession of the equitable assets sought to be reached by the appointment of a receiver, seem to be affected by the statutes of the state regulating creditors' bills, and do not appear to be controlled by general equity principles.

I conclude, on the whole case, that the complainants should have a decree subjecting the Beaird judgment to the payment of their demand, and that the cross-bill of Christopher Chaffe, so far as said judgment is concerned, should be dismissed

A decree to that effect will be entered.