Hayes v. Fry.

---

JOHN C. HAYES, Administrator, etc., Appellant, v. ALBERTUS FRY et al., Respondents.

Kansas City Court of Appeals, November 28, 1904.

1. FRAUDULENT CONVEYANCES: Administration: Action. Neither the administrator nor the heirs can maintain an action to set aside a fraudulent conveyance of the intestate; such action can alone be maintained by creditors and those in privity with them. Ellison, J., dissenting in a separate opinion.

Separate Opinion by Ellison, J.

2. ———: ———: ———: Creditors. The administrator under our statute is a trustee, first for the creditors, next for the heirs, and if the estate be insolvent, the heirs, having no practical interest, the administrator is merely a trustee for the creditors.

3. ———: ———: ———: Estoppel. Where the administrator represents those bound by the act of the testator he is bound; but he is not so bound where he represents those not bound by the testator's acts, as for instance, creditors.

4. ———: ———: Release: Consideration: Action. Where a discharge of all claim of work is not a gift but simply a receipt without consideration, the administrator may maintain an action to recover such claim just as the intestate could.

5. ——: ——: ——: **Fraud.** Where a discharge has been fraudulently obtained from an intestate by coercion or persuasion, his administrator may take advantage of the fraud and have such discharge set aside.

6. ——: ——: **Gifts: Acceptance: Evidence.** To make a gift of a labor account against the debtor there must be a completed act and some evidence in writing delivered to the donee by the donor, as, for instance, a receipt.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*W. O. Jackson* and *Francisco & Clark* for appellant.

(1) The first duty of the administrator is to collect and pay off the claims in the order in which they are classed so far as he has assets. Section 210, R. S. 1899. (2) In Missouri the creditors are bound by the acts of the administrator even where they are not parties to the action. Kennerly et al. v. Shipley, 15 Mo. 640. (3) The administrator can not as a representative of the deceased, nor as the representative of the heirs, participate in setting aside a fraud of the deceased, but as the representative of the creditors, when the estate is insolvent, he not only can, but it is his duty so to do. Hugh v. Menefee, 29 Mo. App. 192; Stewart v. Kennerly, 31 Am. Dec. 482 and notes; Ewing v. Handley, 14 Penn. St. 157n; Andrew v. Hinderman, 71 Wis. 148.

*Bruce Barnett* for respondents.

(1) The court committed no error in sustaining the motion for new trial. Error has been committed upon the trial in giving instruction numbered 3, for the reason that said instruction submitted to the jury the question as to whether or not the release made to

the respondents by John Fry, Jr., was without consideration and as such void as in fraud of his creditors, when that is a question, which can be raised only by the creditors of said John Fry, Jr., and not by him nor by his administrator, who stands in his shoes. Brown's Admr. v. Finley, 18 Mo. 378; McLaughlin v. McLaughlin, 16 Mo. 249; George v. Williamson, 26 Mo. 190; Cheely's Admr. v. Wells, 33 Mo. 109; Merry v. Fremon, 44 Mo. 522; Jackman v. Robinson, 64 Mo. 292; Roan v. Winn, 93 Mo. 511; Stevenson v. Edwards, 98 Mo. 626; Thomas v. Thomas, 107 Mo. 464; Crook v. Tull, 111 Mo. 288. (2) And this principle that an administrator can not attack or impeach a gift made by his intestate on the ground that such gift is void as in fraud of creditors, holds good whether the gift be one of personal property or a conveyance of real estate. Brown's Admr. v. Finley, 18 Mo. 375; Thomas v. Thomas, 107 Mo. 464, and other cases supra. (3) The fact of the insolvency of the estate does not authorize the administrator to impeach a gift made by the intestate in fraud of creditors. Brown's Admr. v. Finley, supra. (4) Even after the death of the donor of a fraudulent gift his creditors may have the gift set aside in an equitable proceeding, but the administrator represents the intestate and not the creditors, and can not attack the conveyance as in fraud of creditors. Brown's Admr. v. Finley, supra; George v. Williams, supra.

SMITH, P. J.—This is an action which was brought by plaintiff in his capacity of administrator to recover $1,595 for work done for defendant by the former's intestate during his lifetime. Amongst the defenses pleaded by the answer was that to the effect that the plaintiff's intestate had executed in writing to defendants a full discharge and release for the services performed by the former for the latter. The replication was that said discharge and release pleaded in

the answer was in the nature of a gift by said intestate to defendant of his property and was without consideration and void as to the creditors of the former; that at the time of the execution of said discharge and release the said intestate was insolvent and largely indebted to various creditors, and especially to one Egger in the sum of $1,300, and that he was without means or property of any kind except said debt that was due to him by defendants.

At the trial the court instructed the jury to the effect, if John Fry, Jr., was working for the defendants, whether under express contract or otherwise, and further finds that at the time, he, the said intestate, executed the written instrument of date August 31, 1901, the said defendants were indebted to said intestate in any sum, and you further find that at such time the said intestate was indebted to John B. Egger and that the instrument of date August 31, 1901, was executed either for the purpose of making a gift of the indebtedness by defendant to said intestate or for the purpose of hindering and delaying the said John B. Egger or other creditors, in the collection of their debts, then such instrument will be insufficient as to this plaintiff as an instrument of conveyance or assignment of debt or account.

The court set aside the verdict, which was for defendant, on the ground that it had erred in its action in the giving of the instruction just referred to, and it was from this order the appeal was taken. The order of the court setting aside the verdict and awarding a new trial was, in our opinion, proper and should be upheld.

In McLaughlin v. McLaughlin, 16 Mo. 242, Judge Scott in writing the opinion of the court said, the "administrator and heirs had no right to impeach any of his (the intestate's) transactions as being fraudulent as against creditors. None but the creditors themselves

and those in privity with them can avoid an instrument on the ground that it was made to defraud creditors. As a party to a fraudulent conveyance can not allege its illegality with a view to its avoidance, so neither can his heirs and representatives coming in as volunteers and standing as it were in his shoes." And from this statement of the law although made by Judge Scott more than fifty years ago, there has since been no departure, so far as we have been able to discover, in this State.

It is quite true that in some of the cases there are expressions whose meaning at first blush would seem obscure or possibly ambiguous, but when properly analyzed and understood it will be found that none of them have modified or altered the rule as declared in McLaughlin v. McLaughlin, supra. [Brown's Admr. v. Finley, 18 Mo. l. c. 378; Criddle's Admr. v. Criddle, 21 Mo. 522; George v. Williamson, 26 Mo. 190; Merry v. Fremon, 44 Mo. 518; Jackson v. Robinson, 64 Mo. l. c. 292; Zoll v. Soper, 75 Mo. 460; Roan v. Winn, 93 Mo. l. c. 511; Stevenson v. Edwards, 98 Mo. l. c. 626; Thomas v. Thomas, 107 Mo. l. c. 459; Crook v. Tull, 111 Mo. l. c. 288; Heinrichs v. Woods, 7 Mo. App. 236; Rozelle v. Harmon, 29 Mo. App. 569.] According to the rulings in the adjudications just referred to, it is plain that it would not have been permitted to the intestate had he sued on the cause of action in issue in this case during his lifetime to question the validity and binding effect of the release and discharge pleaded by the answer on the ground that it was made and contrived in fraud of his creditors and therefore void, nor to the plaintiff, his representative standing in his shoes.

The rule enunciated by the said instruction is inapplicable in a case of this kind. Accordingly, the order granting the new trial must be affirmed. All concur.

SEPARATE OPINION.

ELLISON, J.—1.  In my opinion the present state
of the law in this State does not justify us in holding
to the old rule stated in Brown v. Finley, 18 Mo. 375;
George v. Williamson, 26 Mo. 190, and some other cases,
that an administrator of an insolvent estate could not
avoid the voluntary and fraudulent transfer of prop-
erty by his intestate.

The administrator under our statute is a trustee
for creditors of the estate.  This is manifest from the
fact that his duty is to protect, collect and preserve the
estate in the interest of and for the benefit of the cred-
itors *first*, and next the heirs, and if the estate be in-
solvent, the heirs would have no practical interest in
it and the administrator would be merely a trustee for
the creditors.  He is so declared by the Supreme Court.
In Stagg v. Green, 47 Mo. 500, it is said: "The policy
of our law is obvious.  The executor is but a trustee;
he receives nothing in his own right, but everything for
the use of others."  This is restated in Chandler v.
Stevenson, 68 Mo. 450.  "The prevailing rule now estab-
lished in this court is, that executors and administra-
tors stand in the position of trustees to those interested
in the estates upon which they administer." [Merritt
v. Merritt, 62 Mo. 150.] This view of the relation of
an administrator is repeated by the Supreme Court in
a late opinion by Judge BURGESS wherein it is stated
that he is "a trustee for the creditors and for heirs
or legatees." [Richardson v. Cole, 160 Mo. 372.] Under
the old regime, where the probate and administrative
system was not so comprehensive and exclusive as now,
it was held by many courts that the administrator could
not attack his intestate's fraudulent deed or act; but
that a creditor had a remedy for himself, by charging
the fraudulent grantee as an executor *de son tort*: that
is, that such grantee held property which was properly
assets of the estate for liquidation of debts.  But the

growth of our statute and the comprehensiveness of the probate system has silently eliminated such thing as an executor *de son tort* and the rights of suitors which formerly obtained against such a personage no longer exists. [Rozelle v. Harmon, 103 Mo. 339.] The former rule which denied the right of the administrator of an insolvent intestate to attack the grantor's transfer, and allowed it to a creditor, was one of great inconvenience and might require as many suits as there were creditors. It likewise, in practice, resulted in great injustice; for the first creditor to attack could monopolize the whole property if necessary to pay his claim. It was so stated and conceded in George v. Williamson, supra. But in Rozelle v. Harmon, the court, after saying that the provisions of our present statute "are wholly inconsistent with the idea of executors *de son tort* as at common law," expressly state that the statute does not recognize "the right of one creditor to secure payment of his debt to the exclusion of others." In speaking of the scheme and object of the probate law, the Supreme Court of New York said: "It impounds his (the deceased's) estate for the benefit of his creditors, and no creditor can, by any procedure or any degree of vigilance, obtain any preference over others." [Lichtenberg v. Herdfelder, 103 N. Y. 306.] The case of Rozelle v. Harmon is in keeping and harmony with the prior ruling in Titterington, Admr. v. Hooker, 58 Mo. 593, where a creditor of an estate without personal assets and which had been settled up, undertook to redress himself by suing the heirs and charging their land as assets received from the estate. But the court held that that could not be done, as it formerly might, since our statute was "designed to entirely supersede the more cumbrous machinery of the common law, and that the whole doctrine of equitable assets, marshalling assets in equity for the payment of debts, and bills for the discovery of assets and account, is without application." And so it is distinctly

held in other jurisdictions that, where the system of administering estates (whether by express statute, or implied from the general exclusive comprehensiveness of the statute) does away with executors *de son tort,* and consequently interferes with the creditors' separate remedy direct against the fraudulent grantee, the administrator, if the estate be insolvent, is a trustee for the creditor and he may attack the conveyance. [Babcock v. Booth, 2 Hill 181; Kilbourne v. Fay, 29 Ohio St. 264; Hunt v. Butteworth, 21 Texas 133.] In other States the right is upheld in the administrator without reference to the creditor's right to pursue an executor *de son tort.* Thus, it is distinctly stated in Massachusetts that the administrator acts in a dual capacity—he represents deceased, but he is likewise a trustee for the creditors. [Holland v. Craft, 20 Pick. 321, 327, 331; Martin v. Root, 17 Mas. 222, 227; Chase v. Redding, 13 Gray 421; Welsh v. Welsh, 105 Mass. 229; Gilsm v. Hutchison, 120 Mass. 27; Parker v. Flagg, 127 Mass. 28.] And it is held in those cases that he may attack the fraudulent transfer of personalty by his intestate. In that State there is a statute authorizing the administrator to attack a deed to real estate, but the holding is made as to personalty without the aid of a statute. So, in New Hampshire, the administrator is trustee for creditors and for them may make the attack. [Abbott v. Tenny, 18 N. H. 109; Cross v. Brown, 51 N. H. 486.] And the same is held in Maine. [McLean v. Weeks, 61 Maine 277; Frost v. Libby, 79 Maine 56.] The same view is taken in Iowa where the statute appears to be of the same general scope as ours. [Cooley v. Brown, 30 Iowa 470.] The same view is taken in Connecticut. [Basset v. McKenna, 52 Conn. 437.] And the same is held in Louisiana. [Judson v. Connelly, 4 La. Ann. 169 and 5 La. Ann. 400; Sullice v. Gradenigo, 15 La. Ann. 582.] And the same in Pennsylvania. [Buehler v. Gloninger, 2 Watts 226; Bouslough v. Bouslough, 68 Pa. St. 495.] In the latter

case it is said that, a grantor "can not avoid his own conveyance or gift even though fraudulent as to creditors. The same rule follows the estate into the hands of his executor or administrator, who can not set aside the fraudulent act for the benefit of his heirs or next of kin. But when the interest in the subject changes, a different rule prevails. Therefore, the executor or administrator may set up the fraud, and avoid the act of the decedent for the benefit of creditors where the estate is insolvent." The same is held in many other States, but as in those there was a statute specially authorizing the administrator to recover the property, we have not referred to them. But the cases which we have cited are put upon the broad ground, either that the creditor has no other remedy than through the administrator, or that he, being a trustee for creditors, has, necessarily, the right to sue for the fraudulently transferred property. The cases we have thus cited fit the condition of the law as we have shown it to be in this State. Schouler's Executors, 220, 297, so states the law.

It is manifest that the authorities to the contrary leave out of view the *dual* capacity of the administrator. He is the deceased's representative, it is true; but he is now, under our statute and all others of like import, also the representative of the creditors. Indeed, his primary duty is to the creditors. When the administrator comes to represent the heirs who claim through the deceased, he is bound by the act of the deceased. But he has also a duty charged upon him in behalf of the creditors. The statute contemplates that he shall collect in the assets of the estate which must *first* be paid out to creditors *before the heirs have any interest therein.* As to creditors, property fraudulently transferred is an asset of the estate. And when he represents them he is not representing an interest which comes through the deceased, but rather one that is in antagonism. In performing that duty he is a

trustee and can not, with any show of reason or logic, be met with the statement that he only represents the deceased and that he stands in his shoes.

In St. Francis Mill Co. v. Sugg, 169 Mo. 130, 136, the Supreme Court, through Judge VALLIANT, without approval or disapproval, refers to the cases which announce that an administrator can not avoid his intestate's fraudulent transfer. But he adds that the administrator should treat property as assets of the estate when its fraudulent transfer has been set aside at the suit of creditors. That statement of the law overrules what was said in George v. Williamson, 26 Mo. 190, wherein it was held that the creditor who sets aside the fraudulent transfer of his deceased debtor would have the benefit of the whole property to the exclusion of other creditors, if necessary to the payment of his claim. For if it becomes assets to be administered upon by the administrator, it would, of course, be for the benefit of all. Now, if the administrator is entitled to take the property recovered at the suit of the creditor, there can be no reason why he should not be permitted to recover it himself. He is a trustee for the creditor and he must administer on the recovered property, and so it approaches the absurd to say, in this state of the law, that he can not himself maintain the suit. It is not necessary to deny the right of the creditor also to maintain suit. There might be instances of non-action by the administrator where it would be necessary for him to do so.

My conclusion is this: that the administrator is bound by any act of the deceased where he represents those who themselves would be bound by such act, as, for instance, heirs. But he is not bound where he represents those who are, themselves, not bound by such act, as, for instance, creditors.

2. As the case is to be retried it is well enough to express our views on a question which the record shows may possibly arise. The pleadings show that it was a

part of plaintiff's case that the release of deceased's claim for the work he performed for defendant and for which this suit was brought, was without any consideration to support it; and the record states there was evidence tending to sustain the allegations in the pleadings of the respective parties. If it is true that the release or receipt in discharge of all claim for work was not a gift, but simply a receipt or discharge without consideration, then there is no reason, under any view, why plaintiff as administrator should not be allowed that defense. For it is such a defense that the intestate himself could have made were he alive. And, of course, if he could have interposed such defense, his representative may.

3. And so it appears to be a part of plaintiff's case that the receipt and discharge was fraudulently obtained *from* the deceased. And that deceased was sick and in such mental state as not to be capable of transacting business; and while in such condition, defendants, partly by coercion and partly by persuasion (which, in his mental and bodily condition, he could not resist), obtained the paper from him. If either of these contentions are true there can be no objection to an administrator taking advantage of it for the benefit of the estate. Croswell's Executors, 234-236. For they, too, are such matters as the deceased himself could set up. Whatever may be said as to the inability of an administrator to set up the fraud of his intestate to avoid his transfer of property or property rights, there can be no reason why the administrator may not set up the fraud of the grantee whereby the intestate was the victim.

4. If the intestate was of the capacity to make a gift of his labor account against defendant, and intended to do so, there must have been a completed act. There must have been a delivery of the thing given, accepted by the donee. In case of an incorporeal thing like a claim for work and labor there must be some evi-

dence of the gift in writing delivered to the donee by the donor, such as, for instance, a receipt. [Thornton on Gifts, 131, 262; Spooner v. Hilbish, 92 Va. 333.]

The other judges concur in this opinion except as to the first division; as to that, they regard the rulings of the Supreme Court referred to in the majority opinion as binding.