MARY DOBSON'S ADMINISTRATOR, Appellant, *vs.* BUTLER'S ADMINISTRATOR *et al.*, Respondents.

1. A woman who has been divorced from her husband is not, at his death, entitled to the benefit of sections twenty-nine and thirty of article two of the act concerning administration, (R. C. 1845.)

*Appeal from Jefferson Circuit Court.*

*Thomas C. Johnson*, for appellant.
*J. A. Beal*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

This was a civil action, originally commenced by Jefferson Dobson and Mary Dobson, his wife, against the defendants, in the Jefferson Circuit Court. William Butler is the administrator of the estate of Edward Butler, deceased, and the other defendants are his securities in his bond as administrator. The suit was on this bond. The defendants demurred to the plaintiff's petition; the court sustained the demurrer, and the plaintiff brings the cause to this court. The action is for the value of certain specific articles of property claimed in the petition, being the articles of property given to the widow of a deceased person by the 29th section of article 2 of the administration act of 1845, and also for the sum of $200 allowed to the widow under the 30th section of the same article. Demand having been made of the administrator, upon his refusing to comply and his wholly denying the petitioner's right to the property and money, they brought suit on the administration bond. It appears that Mary Dobson was divorced from Edward Butler, and after the divorce, Edward Butler died, and Mary married Jefferson Dobson. She and her husband brought this action. Some time afterwards, she died and the suit is now carried on in the name of the plaintiff, Johnson, as public administrator. 1. The rights of the parties depend upon the construction of our statutes on the subjects of administration and dower. Sections 29, 30, 31 and 32 of article 2 of the administration act, are as follows:

Sec. 29. "In addition to dower, a widow shall be allowed to keep, as her absolute property, all the wearing apparel of the family, her wheels, looms, and other implements of industry; all yarn, cloth and clothing made up in the family for

their own use ; all grain, meat, vegetables, groceries and other provisions on hand, and provided, and necessary for the subsistence of the widow and her family for twelve months, and as many beds, with bedding, as shall be necessary for herself and the family of the deceased residing with her, and under her control."

Sec. 30. "In addition to the above, the widow may take such personal property as she may choose, not to exceed the appraised value of $200, for which she shall give a receipt."

Sec. 31. " The widow shall apply for such property named in the preceding section, before the same be distributed or sold, and it shall be deducted from her dower in the personal estate, if there be any, but the property so delivered shall, in no case, be liable for the payment of the debts of the deceased."

Sec. 32. " If the widow do not receive the property thus allowed her, and the same be sold by the executor or administrator, the County Court shall order the money to be paid to the widow, at any time before the same be paid out for debt or be distributed."

The ninth section of the act concerning dower (R. C. 1845,) is as follows : " If any woman be divorced from her husband, for the fault or misconduct of such husband, she shall not thereby lose her dower ; but if the husband be divorced from the wife, for her fault or misconduct, she shall not be endowed."

The plaintiff contends that, as Mary Dobson was divorced from her former husband, Edward Butler, she being the injured and innocent, and he the guilty party, she is entitled, under the provisions of the acts above quoted, to the property and money therein set apart for the widow.

Defendants contend that, under these acts, it is manifest that the provisions therein contained were for the benefit of the widow and family, and that the widow therein named must have been, at the time of the death, the wife of the husband ; that the relation of husband and wife must have existed between

them up to the death; that a wife, when divorced from her husband, is not, and cannot be the widow contemplated in the statute of administration.

Such is the opinion of this court. By our statute, the court decreeing a divorce, may restrain the guilty party from marrying again for a period not exceeding five years. At the expiration of this restraint, the party may lawfully marry.

Suppose a husband has been divorced from his wife, being himself declared the guilty party, and the restraint is against him; at the expiration of the time of restraint, he marries, and should afterwards die, leaving his last and his first wife both living; can it be that these two *widows* are by law entitled to come in and take each all the articles mentioned in section 29, and each the $200 in section 30 of the administration act? This is absurd. If it could be so, then the wife first divorced might have married, there being no restraint on her, and she might, by the death of her second husband, be the widow of two men, at the same time, and entitled to the money and property mentioned in this statute, of both estates—an occurrence never looked for nor contemplated by the legislature, and too absurd to be guarded against. A little attention paid to the phraseology of the 29th section above cited will satisfy any one that the legislature had in view the widow, as the remaining head of the family; she was to have all the wearing apparel of the family, all the cloth and clothing made up in the family for their own use; all grain, meat, vegetables, groceries, &c.; as many beds with bedding, as shall be necessary for herself and the family of the *deceased* residing with her and under her control. The divorced wife is not embraced in this section. The wife just made a widow by the death of her husband, and who is the remaining head of the family, is meant, and not the divorced wife; this last cannot be said to be his widow.

The ninth section of the dower act cannot be invoked to help out the claim of the petitioner, Mary Dobson, in this case; and it is not necessary for this court to give any opinion whether

said ninth section is to be construed as relating to the first and second sections of that act.

The judgment of the Circuit Court, then, is correct, and, by the concurrence of the other Judges, is hereby affirmed.