Ruth McLaughlin *v.* James McLaughlin's Administrator.

RUTH McLAUGHLIN, Respondent, *vs.* JAMES McLAUGHLIN'S ADMINISTRATOR, Appellant.

1. Under the new code, the St. Louis Court of Common Pleas has equity jurisdiction.
2. Under the code, a person, claiming an interest in a suit adverse to the plaintiff, cannot become a party defendant without the permission of the court. In a suit in equity against a trustee, to get the legal title to property which had been conveyed to him by a deceased person, in trust for plaintiff, after the administrator has already made himself a party defendant, it is no error for the court to refuse permission to the widow, heirs and distributees of the deceased to become parties, as the administrator is competent to make all defences to the action.
3. A trustee is a competent witness for the *cestui que trust,* in respect to the trust property. If, however, he were incompetent, the dismissal of the suit as to him, after his testimony had been taken, would not restore his competency.
4. A conveyance of an intestate cannot be impeached by his administrator or heirs, for fraud as to creditors. None but creditors themselves, and those in privity with them, can avoid it.
5. Under our statute, a widow is entitled to dower in no other personalty than that which belonged to the husband at the time of his death.
6. None but a creditor or purchaser can raise the objection that a deed conveying articles consumable in the using, the grantor retaining possession, is void.
7. The admissions of the grantor in a deed of trust after its execution, although not admissible *against* the *cestui que trust,* are in his favor.
8. A *cestui que trust* files a bill in chancery against the trustee to get the legal title to the trust property. The administrator of the deceased grantor in the deed of trust, on his application, is made a party defendant. During the trial, the plaintiff dismisses the suit, as to the trustee. *Held,* no judgment can be rendered against the administrator on a demand against the estate growing out of the trust property. If it could be, evidence would be admissible to show that a large portion of the trust estate had come to the hands of the plaintiff, as administrator of the deceased in another state, to reduce the verdict.

9. The code does not affect the rule against multifariousness. A suit against the trustee for the legal title to the trust property, and against the administrator, on a demand growing out of the property, cannot be joined.

*Error to St. Louis Court of Common Pleas.*

*Delafield,* for appellant.

I. The court erred in admitting the testimony of Theron Barnum, as he and plaintiff were *privies in estate.* *Guy* v. *Hall,* 3 Murph. 150. *Hart* v. *Horn* 2 Camp. 92. 7 Moore, 307. Lewin on Trusts and Trustees, 18 Law Lib. 22, p. 10. Ib. p. 11.

II. This is not a case where the admissions of a grantor are received as against himself. Here it is sought to prove his admissions in his own favor ; therefore they are inadmissible. 3 Rawle, 437. 5 Serg. & Rawle, 295. 1 Bailey R. 101. 9 Serg. & Rawle, 47, 53-4-5. 11 Wend. 533. 2 Conn. Rep. 467. 2 Mart. La. R. (N. S.) 13. 3 Mart. 22.

III. But again : to receive either the written or oral declaration of an assignor *after assignment,* would be wrong. *Jackson ex. dem. Goodrich* v. *Ogden,* 4 Johns. 140. *Tuttle* v. *Hunt,* 2 Cowen R. 436. *Penfield* v. *Carpenter,* 13 Johns. R. 350. *Fisher* v. *Bailey,* 1 Ashmead's R. 209. The testimony, therefore, of Messrs. Singleton, Crosby and others, as to the admissions or statements of James McLaughlin, after the assignment or deed of trust, not being part of the *res gestæ,* was erroneously admitted.

IV. The administrator is trustee not only for creditors, but for distributees, &c. He represents the estate for the benefit of the creditors and legatees. He is their trustee ; therefore he ought to be permitted to do what his *cestui que trusts,* the creditors, might do. He, therefore, should be authorized to attack a fraudulent deed. Story's Equity Plead. 182. 1 Verm. 261. *Brown* v. *Dowthwaite,* 1 Madd. R. 242. *Dandridge* v. *Washington,* 2 Peters R. 377.

V. An estate in dower always relates back to the marriage. Fulwood's case, 4 Rep. 65-66. *Combs* v. *Young,* 4

Yerg. 218. 2 Black. Com. 129, 130, 132. 1 Thomas' Coke, 576. 7 Co. Littleton, 31 *a.* 1 Thomas' Coke, 567. The administrator is trustee for the widow as to her dower. By sec. 3, chap. 54, Rev. Code, 1845, p. 430, there being no children of the marriage, the widow is entitled *absolutely* to one-half of the personal estate here sued for. And even the widow of an *alien* resident, dying in this state, is entitled thereto. *Stokes* v. *O'Fallon,* 2 Mo. Rep. 32. Before all others, then, creditors or otherwise, she is entitled to the one-half of this personalty. The administrator is a trustee to pay the same to her. As her representative, he ought to protect her rights.

After a title of dower has once attached, it is not in the power of the husband alone to defeat it by alienation or charge. Park on Dower, 237. A conveyance then, in fraud of, or to defeat dower, is void.

VI. The court erred in excluding testimony tending to show the fraud and bad conduct of the plaintiff and decedent in regard to the deed of trust under which she claims, for the further reason that she seeks not to prove in any manner, (except by admissions of her partner in fraud) the pretended claim she sets up ; any conduct, then, tending to discredit his own admissions as testimony, was lawful.

VII. The court also erred in refusing to charge the jury that when a deed embraced articles consumable in the using, the grantor retaining possession, the deed was void, the assignment having no operation. *Somerville* v. *Horton,* 4 Yerg. 541-52. *Charlton* v. *Lay,* 5 Humph. 496. *Simpson* v. *Mitchell,* 8 Yerg. 417-20. *Young* v. *Pate et al.,* 4 Yerg. 164. *Darwin* v. *Handley,* 3 Yerg. 502-5.

VIII. The court erred in refusing to arrest the judgment for three reasons :

1. The want of proper parties. 7 T. R. 667. 1 Chitty's Pl. p. 3. Story's Eq. Pl. sec. 207.

2. The want of jurisdiction to pronounce a judgment. Rev. Code, 314.

3. The dismissal of the case as to defendant, Barnum, is fatal to a judgment in plaintiff's behalf.

*Glover & Campbell*, for respondent.

I. The new code of practice does not authorize the heirs at law of a decedent to make themselves parties to a proceeding by a creditor to have a demand alloweda gainst the administrator of such decedent.

II. The evidence offered by the appellant to prove that the deed was fraudulent as to the creditors of James McLaughlin, deceased, was properly rejected by the court, because the answer of the administrator contained no notice of any such defence.

III. But the allegation of fraud could not reach the respondent in this case. The marriage not being legal, the right of the wife to the money which passed into the husband's hands immediately on the performance of the marriage ceremony, was never divested. She was a creditor of James McLaughlin, and had the right to establish her demand upon his estate, like any other creditor, on the deed, or independent of it; so that the fraud alleged is entirely out of the case.

IV. The supposed judgment records were properly rejected, for two reasons : 1st, they were not duly authenticated as complete transcripts of entire records ; 2d, they had not been filed, as relied upon by the defendant, according to law.

V. But if the deed of James McLaughlin was fraudulent as to creditors, that did not authorize his administrator to avoid it; neither could his heirs. 6 Shepley, 236. 2 T. R. *Edwards* v. *Harben*, 589. 7 Johns. Rep. *Osborn* v. *Moss*, 163. Many authorities might be cited.

VI. There was no actual necessity for the presence of Barnum as a party to the suit. The only decree, which the plaintiff asked against him, was to divest the trust ; and this was not done by the court. There was no money found in his hands, and no judgment could therefore be rendered against him. When this was made manifest, and the trial was finished, the plaintiff dismissed her suit as to Barnum. The purpose of

this dismissal was merely to relieve the jury of the necessity of finding a verdict in his favor. If the plaintiff had not done this, it is manifest upon the record, that the court would have been compelled to do the same thing, as soon as the jury returned into court.

SCOTT, Judge, delivered the opinion of the court.

In June, 1850, Ruth McLaughlin filed her petition against Theron Barnum, trustee.

The petition states, that prior to the solemnizing of the rites of marriage between the plaintiff and James McLaughlin, she was possessed of more than two thousand dollars in money ; that in May, 1839, she was married to McLaughlin, and her money went into his possession ; that in May, 1840, McLaughlin, residing in Illinois, executed to defendant, Barnum, a deed of trust, whereby he conveyed to him certain leasehold estate in Illinoistown, and certain merchandize then in a store, amounting in value to about two thousand dollars, to be held in trust for the benefit of the plaintiff. McLaughlin, after the execution of the deed, retained possession of the property mentioned in it, as agent for the plaintiff, managed the same for her use, and realized thereon a profit of about twenty per cent. per annum till the time of his death, in January, 1849. That McLaughlin received from the sale of the leasehold premises seven hundred dollars, and never accounted with the trustee, or any one else, for the profits made from the property covered by the deed of trust. That McLaughlin died, leaving an estate of several thousand dollars in the county of St. Louis, and at the time of his death owed few or no debts. The plaintiff then prays for a judgment for the amount of the property included in the deed, and the profits made therewith, and a decree for said sum of money, the avails and profits of said merchandize, and said leasehold interest, with the interest and gain thereon, to her, free from the trust to said Barnum.

Hudson came in, and acknowledged himself the administrator of James McLaughlin, and made a formal answer, disclosing nothing in relation to the suit.

Barnum answers, and admits all the material facts stated in the petition, and alleges that none of the trust property, nor any part thereof, ever came to his hands.

At this stage of the proceedings, an answer was filed for M. McLaughlin, who claimed to be the lawful wife of James McLaughlin, and for his brothers and sisters, as his heirs and distributees, alleging the invalidity of the deed of trust, on the ground that it was made to defraud creditors, and praying a distribution of the estate among them. This answer was stricken out, and a motion was afterwards made to permit the former wife and heirs of the intestate to be made parties, which was overruled, to which there was an exception.

On the trial, the deed of trust was read in evidence, and Theron Barnum, the defendant, was examined as a witness. He proved the allegations of the bill. From his marriage till his death, McLaughlin was, at times, in very bad health, and his wife carried on the business of her husband in person. Barnum testified as to admissions made by McLaughlin touching his indebtedness to the plaintiff. These admissions were excepted to, as was the competency of Barnum as a witness. Other witnesses testified to material facts stated in the petition. The marriage of James McLaughlin to Margaret Walsh, prior to his marriage with the plaintiff, was admitted; but there was no evidence that she, the plaintiff, had any knowledge whatever of the fact.

Records, showing a considerable indebtedness on the part of McLaughlin, at the date of the deed of trust, were offered in evidence and excluded, to which an exception was taken. So also, the record of the proceedings of the Probate Court of St. Clair county, Illinois, showing that the plaintiff was administratrix of James McLaughlin, and that, as such, she had a large portion of the trust property in her hands, was offered in evidence and excluded, to which there was an exception.

Instructions were given to the jury, at the instance of the plaintiff, which were not excepted to, and therefore will not be noticed.

When the jury was about to retire, the plaintiff dismissed her suit as to Barnum.

1. The question which, first in order, presents itself for our consideration is, whether the Court of Common Pleas has jurisdiction of suits, which, under the system of pleading and practice, which lately prevailed in this state, would be termed a suit in equity. It is conceded that, by the law of the organization of that court, it posessed no chancery jurisdiction, and if it now possesses any such jurisdiction, the result has been brought about by the operation of the recent code of practice. Although our State Constitution contemplates the existence of courts of law and equity, it does not restrain the General Assembly from altering the modes of pleading, in both actions at law and suits in chancery. The code does not attempt, nor was it designed, to take away any right, but only to provide one uniform mode of obtaining all rights, whether legal or equitable, and all causes of actions being now capable of being united in one suit against the same individual, the propriety of maintaining the distinction between the two jurisdictions is not perceived. To hold that the Court of Common Pleas had no jurisdiction in what would formerly be termed suits in equity, would deprive it of all admitted jurisdiction which it possessed in cases at law, where there was an equitable defence. For the sworn answer formerly required in equity proceedings, the direct examination of the party on interrogatories or on oath, as a witness, is now substituted. Hence the necessity of those long and tedious statements, heretofore found in suits in equity, no longer exists ; and in matters which would formerly constitute a ground of action at law and a suit in equity, the same mode of stating the facts may now be adopted. It is improper to state the evidence of facts. It is required that the facts which constitute the action or defence, should be set forth, without a detail of the circumstances from which those facts may be presumed or inferred. In making the attainment of an equitable right, and of a legal one, depend upon the same form of procedure, in permitting legal and equitable ac-

tions to be united in the same suit, and in abolishing all distinctions between actions at law and suits in equity, the legislature must have contemplated that the jurisdiction of the Circuit Court and Court of Common Pleas of St. Louis county should no longer be distinguished by forms which were superseded.

2. The principle is not perceived, on which the propriety of the action of the widow, and the heirs and distributees, can be sustained. The code permits any person to be made a party defendant, who has an interest in the controversy adverse to the plaintiff. This surely does not permit the interference of a person in a cause, without the permission of the court. The court did not err in refusing them leave to become parties, as their interests were represented by the administrator of James McLaughlin, who had become a party. Had this been a proceeding in equity, under the old rules, the administrator would have been competent to make all defences against the claim of the plaintiff, nor would the parties have been necessary defendants. The old rules, with regard to parties in chancery proceedings, were sufficiently liberal, nor do we deem any enlargement of them required by law or policy.

3. There is no well founded objection to the testimony of Barnum. Though a party, he was a mere trustee, not liable for costs, and in no way interested in the event of the suit. The dismissal of the suit as to him would not have restored the competency of his evidence, which was taken before such dismissal, had he been incompetent at the time of his examination. This evidence was competent aside from the provisions of the code. In chancery, Barnum was a competent witness under the old system, and the code was designed to take away the disqualifications of witnesses, not to multiply them. Gresley's Equity Evidence, 244.

4. McLaughlin's administrator and heirs had no right to impeach any of his transactions, as being fraudulent against creditors. None but creditors themselves, and those in privity with them, can avoid an instrument, on the ground that it was made to defraud creditors. As a party to a fraudulent con-

16—VOL. XVI.

veyance cannot allege its illegality, with a view to its avoidance, so neither can his heirs nor representatives, coming in as volunteers, and standing, as it were, in his shoes.

5. The widow was not dowable of goods and chattels, at the common law. The writ of *de rationabili parte bonorum* was local, founded on custom, and not on the general law. Coke, 176 *b*. Hargrave & Butler's Notes. The wife's dower, at common law, and by our statutes, attaches to the land whereof the husband was seized during the coverture. Our statute only endows the widow of personalty belonging to the husband at the time of his death. Hence, any disposition he may make of his chattels during his life, a gift or any disposition to prevent the wife's dower attaching, if made during his life, will defeat her dower. The eighth section of the act concerning dower extends only to real estate. This much is said in relation to dower, if claimed under our law ; but we presume, when the facts of this case are all disclosed, the rule for dower, as well as for distribution, will be found in the laws of the state of Illinois. If there is any surplus here, after administration in this state, it will be remitted to the administrator of the domicile of the deceased, for distribution. Rev. Code, 103, sec. 20.

6. Where can be the propriety of raising, in this case, the point, that a deed conveying articles consumable in the using, the grantor retaining possession, is void and inoperative ? None but a creditor or purchaser can raise this objection. Such a deed would certainly be good against the grantor himself, and how can his widow or heirs raise an objection which the grantor himself could not raise ?

7. On principle, the declarations of McLaughlin were admissible. His admissions, after the execution of the deed of trust, could not affect its validity, as against the grantee, or *cestui que trust*, but declarations against his interest, and in support of it, were clearly admissible.

8. The result of this suit is very different from that contemplated, as it would appear by the pleadings in the cause. It

can only be sustained by an utter abandonment of all forms in legal proceedings. In its inception, the suit was only for the conveyance of the legal title in the trustee to the *cestui que trust.* The administrator is no party to the petition; no process is asked against, nor is any relief whatever sought against him. But for his voluntary appearance, his name would never have been mentioned, in connection with the proceedings. When the plaintiff let Barnum go, there was no foundation in the pleadings in the cause for a judgment against any one; it was a virtual abandonment of the action; and yet, without any prayer, without any complaint against him, a judgment is rendered against the administrator for seven thousand dollars, and no heed is taken of the cause for which the action is brought. If, under the circumstances, the proceeding could have been maintained against the administrator, the evidence offered to show that the plaintiff had obtained letters of administration, in the state of Illinois, on her deceased husband's estate, and that, by virtue of that administration, a large portion of the trust estate had come to her hands, should have been received. It must have affected the verdict, and reduced its amount. If any one in Missouri owes a debt to an administrator in Illinois, or has money belonging to him, it would seem that he can discharge himself by a voluntary payment to the administrator in Illinois. *Doolittle* v. *Lewis,* 7 Johns. Ch. Rep. 49. *Trecothick* v. *Austin,* 4 Mason 33. If administration has been taken out here, and there is no use for the assets, the Probate Court may order them to be paid to the administration of the domicile of the deceased, according to the law of which, they must be distributed.

9. We do not see the propriety of joining the trustee and the administrator in the same suit. Upon Hudson's becoming a party, his aim should have been, according to the proceedings, to prevent a decree against Barnum, the trustee. If the plaintiff has a demand against the estate of McLaughlin, that should be litigated, without the confusion and distraction consequent upon the introduction of the trustee. The code does not de-

stroy or affect the rule against multifariousness. If the legal estate in the trustee is in the way of her enjoying her rights, it should be made subservient to the ends of justice, by proceeding against him alone for that purpose.

The other judges concurring, the judgment will be reversed, and the cause remanded.