VIOLA MAZE, Respondent, v. ANDREW J. GRIFFIN, Interpleader, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Garnishment**: AMENDMENT OF RETURN OF SERVICE. If the sheriff's return of the service of a garnishment is defective, it may be amended.

2. **Attachment**: INTERPLEA, TRIAL OF. An interplea for an attached chose in action was filed on the ground that the chose in action had, prior to the attachment, been assigned by the attachment defendant to the interpleader. *Held*, that the issue was properly triable by jury.

3. **Evidence**: DECLARATIONS OF DONOR. In the trial of an issue as to the validity of a gift as to the creditors of the donor, the declarations of the donor made while the transaction was *in fieri*, though in the absence of the donee, are competent against the latter.

4. **Fraudulent Conveyances**: TRANSFER TO DEFEAT COLLECTION OF ALIMONY. A wife who recovers a judgment for alimony in connection with a decree of divorce is a creditor of her husband within the purview of the statute governing fraudulent conveyances. Accordingly a voluntary conveyance by the husband, made with the intent to defeat the collection of the alimony and after ground for divorce has arisen in favor of the wife, is invalid as to claims under the judgment; and this, whether the conveyance was made before or after the institution of the suit for the divorce.

5. ———: EXTENT OF CANCELLATION AT SUIT OF CREDITOR. An interplea for funds garnished on execution was filed by one who claimed them as transferee of the execution defendant. On trial of the issues arising thereon, the transfer to the interpleader was found to have

been fraudulent, but the funds were greater in amount than was requisite for the satisfaction of the execution. *Held*, that the judgment on the interplea should have directed the payment of the surplus of these funds, remaining after the satisfaction of the execution, to the transferee, and that a direction for the payment thereof to the execution defendant was erroneous.

6. ———: ———: CERTAINTY OF JUDGMENT. Such judgment should, moreover, specify in direct terms the amounts to be thus paid, and the persons respectively entitled thereto.

*Appeal from the Madison Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED (*with directions*).

*Martin L. Clardy, Wm. Carter*, and *L. R. Thomason* for appellant.

(1) The proceedings in the divorce case had no tendency to establish fraud, nor did they constitute ground for interference with the right of the appellant to dispose of his property as he saw fit, especially before the commencement of that case. Accordingly the objection of the appellant to the reception of evidence of those proceedings should have been sustained, and the instructions offered by him on the subject should have been given. *O'Day v. Conn*, 32 S. W. Rep. 1109; *Davis v. Davis*, 5 Mo. 183; *Stone v. Stone*, 18 Mo. 389; *Hornsey v. Casey*, 21 Mo. 545; *Tucker v. Tucker*, 29 Mo. 350; *Crecelius v. Horst*, 89 Mo. 356; *Brandon v. Dawson*, 51 Mo. App. 237; *McLaughlin v. McLaughlin*, 16 Mo. 250; *Weindel v. Weindel*, 126 Mo. 646; *Straat v. O'Neil*, 84 Mo. 68; *Trorlicht v. Weiganecker*, 1 Mo. App. 482; *Nelson v. Suedick*, 40 Mo. App. 341; *Dyer v. Smith*, 62 Mo. App. 606. Alimony is not a debt. 1 Am. and Eng. Encyclopedia, p. 482, sec. 10. *Perkins v. Perkins*, 18 Cal. 60; *Carleton v. Carleton*, 44 Ga. 216; *Menzie v. Anderson*, 65 Ind. 239; *Daniels v. Lindley*, 44 Iowa, 567; *Pain v. Pain*, 80 N. C. 322;

*Allen v. Allen,* 100 Mass. 373. (2) The court erred in admitting evidence of any declaration or declarations made by Pleasant Maze as to what disposition he intended to make of his property, the respondent having no vested right in that property, and the said Maze having a right to make any disposition of such property as he saw proper. See authorities cited under first assignment of error and see further: *Chouteau v. Railroad,* 122 Mo. 375; *Baker v. Railroad,* 122 Mo. 396; *Randall v. Krieger,* 23 Wall. 148.

*B. B. Cahoon* and *Wm. N. Nalle* for respondent.

(1) There was no error in admitting in evidence declarations made by Pleasant Maze as to what disposition he intended to make of his property, whether the same were made in the presence or absence of Griffin, the interpleader; for the full answer of respondent to the interplea charged fraud and combination by Maze and Griffin to defraud respondent, and declarations of either party to the conspiracy, whether made in their presence or absence, are admissible. *Weinrich v. Porter,* 47 Mo. 293; *Erfort v. Consalus,* 47 Mo. 208; *Holmes v. Braidwood,* 82 Mo. 610; *Leeper v. Bates,* 85 Mo. 224; *Hopkins v. Sievert,* 58 Mo. 201; *Burgert v. Bochert,* 59 Mo. 80; *Leavitt v. LaForce,* 71 Mo. 354; *King v. Moon,* 42 Mo. 551; *Singler v. Goldenburg,* 17 Mo. App. 549; Bump on Fraudulent Conveyances [3 Ed.], 582; *McCasker v. Enright,* 64 Vt. 488; *Castle v. Bullard,* 3 How. 172; *Irving v. Motley,* 7 Bing. 543; *Eastman v. Premo,* 49 Vt. 354; *Bradley Fertilizer Co. v. Fuller,* 58 Vt. 315; *Perkins v. Prout,* 47 N. H. 387; *Cary v. Hotaling,* 1 Hill, 311; *Snyder v. Free,* 114 Mo. 371. Independent of Griffin's presence, and as a ground of presumption to prove the main charge of fraud against Maze, evidence of similar

fraudulent acts by Maze are admissible, if committed at or about the same time, and when the same motive may reasonably be supposed to exist, with a view to establish the existence of the particular fraud charged against the defendant. *Castle v. Bullard*, 3 How. 172; *Irving v. Motley*, 7 Bing. 543; *Eastman v. Premo*, 49 Vt. 355; *Bradley Fertilizer Co. v. Fuller*, 58 Vt. 315; *McCasker v. Enright*, 64 Vt. 488; *Perkins v. Prout*, 47 N. H. 387; *Cary v. Hotaling*, 1 Hill, 311. (2) Griffin testified he paid nothing whatever for that certificate of deposit. Such voluntary assignment or pretended gift was void, made as it was in contemplation of respondent's judgment or after it was obtained, even though Griffin, the alleged donee, was ignorant of the fraud; whereas the evidence shows he was the express recipient of his uncle's money under a pretended gift to him with knowledge of the purpose of the uncle to defraud respondent. *Snyder v. Free*, 114 Mo. 369; *Strauss v. Ayers*, 34 Mo. App. 248; *Hurley v. Taylor*, 78 Mo. 238; *Bank v. Overall*, 16 Mo. 510; *Shaw v. Tracey*, 83 Mo. 224; *Donavon v. Dunning*, 69 Mo. 436; *Payne v. Stanton*, 59 Mo. 159; *Potter v. McDowell*, 31 Mo. 69. Instead of accepting the burden of proof by law imposed upon him to repel the fraud, Griffin testified that the money and certificate of deposit were given him by Maze without any consideration whatever. *Walsh v. Ketchum*, 84 Mo. 427; *Dickersfield v. Bank*, 28 W. Va. 341; *Snyder v. Free*, 114 Mo. 369 to 373. The gifts were not only fraudulent, but the indications clearly are that Griffin holds the property for Maze to defeat judgment. It was admittedly done to defraud respondent, and was done after respondent had brought her divorce suit or certainly after Maze's *delictum*, hence void. *Brown v. Brown*, 2 Hag. Ec. 5; *Frakes v. Brown*, 2 Blackf. 295; *Dunnock*

*v. Dunnock,* 3 Md. 140; *Forest v. Forest,* 8 Bosw; 2 Bishop on Marriage and Divorce [5 Ed.], sec. 450.

ROMBAUER, P. J.—In this interpleader proceeding, which is one arising upon garnishment on execution, the jury found a verdict for the plaintiff in the execution and against the interpleader. The court thereupon entered judgment accordingly. From this judgment the interpleader alone appeals, and he assigns numerous errors which will be noticed hereafter.

At the trial the following facts appeared by the pleadings, and there was testimony tending to show them: The plaintiff was the wife of Pleasant Maze. She filed a bill for divorce against him on February 11, 1893, and a decree was rendered in her favor in March, 1893, awarding to her the sum of $1,000 as alimony in gross. An execution was issued on such decree, and the Boatmen's Bank was summoned as garnishee on execution. Interrogatories were filed against said bank, in reply to which it answered that on the fifth of May, 1892, it issued a certificate of deposit to Pleasant Maze for $4,394.64 and interest, payable to his order twelve months after date, which was presented to it on the fifteenth day of May, 1893, bearing the following indorsement: "February 1, 1893. For value received, I assign all my right and interest in this check to A. J. Griffin, Jr.;" and that thereupon on said fifteenth day of May, upon the request of said A. J. Griffin, it issued a new certificate payable to his order for $4,596.44, with interest, payable six months after date upon the return of the certificate properly indorsed. The bank further stated that the certificate was negotiable and that it did not know who was then its owner, and invoked the protection of the court, offering to deposit the money in court, if so

required.   It also prayed that Griffin and the plaintiff in the execution be required to interplead as to the true ownership of the certificate.   Griffin thereupon appeared and filed an interplea, in which he denied that the Boatmen's Bank had been duly summoned as garnishee.   The interplea further stated that the money in the Boatmen's Bank evidenced by said certificate of deposit was not the money of Pleasant Maze, the defendant in the execution, but was the money and property of the said interpleader.

This interplea was denied by the plaintiff, who claimed that the assignment of the certificate of deposit by Pleasant Maze to Griffin was without any consideration whatever, and was made with the express purpose on part of said Maze and said Griffin to defeat by a fraudulent combination the collection of the judgment for alimony which the plaintiff had obtained against said Pleasant Maze.   In endeavoring to establish such fraud the plaintiff offered evidence tending to show that the first certificate, although purporting to bear an indorsement as of February 1, was not delivered to Griffin until after the decree in the divorce suit; that Griffin was a nephew of Pleasant Maze, and had taken an interest in his behalf in the divorce suit; that Pleasant Maze made repeated declarations during the pendency of the divorce suit, and thereafter, that he would see to it that his wife and her lawyers should get nothing; and that he transferred other property of his to his nephew, so that no property could be found standing in his own name out of which the execution in question could be satisfied. The interpleader, Griffin, admitted that the transfer made to him of the certificate, as well as all other transfers of property, were voluntary and without any valuable consideration, but claimed that such transfers were made before the rendition of the decree for alimony in the divorce suit.

The first point made by appellant, that his plea to the jurisdiction of the court should have been sustained, is without merit. Executions upon decrees of courts of record may be directed to and executed in any county in the state. Revised Statutes, 1889, section 4899. If the original return of the service of summons upon the garnishee was defective, the defect could be amended by the sheriff, which was done in this instance.

The next point made by appellant, that the interplea should have been tried by the court and not before a jury, is likewise untenable. The statute provides that such interpleas shall be tried as issues between plaintiff and defendant in ordinary cases. Revised Statutes, 1889, section 5256. Nor was any objection made to the trial by jury until the trial had nearly ended. Even if the case had been, as the appellant contends, one of equitable cognizance, there could have been no valid objection to the chancellor's submitting the only issue of fact which arose in it to a jury. The case, however, was properly triable by jury. *Strauss v. Ayers*, 34 Mo. App. 248.

The appellant claims that certain declarations, made by Pleasant Maze in the absence of the interpleader, should not have been admitted in evidence. The interpleader was a volunteer, and there is no pretense that he ever gave any value for the certificate transferred to him. The question was not with what intent he took the gift, but with what intent it was made by the donor. Of the donor's intention his own declarations are the best evidence. Moreover, it does not appear that these declarations were made subsequent to the transfer; on the contrary, it would seem they were made while this and other transfers were *in fieri*, and as such were admissible as characterizing the acts independent of any combination or conspiracy

between Maze and the interpleader, of which there is some evidence in the record. *Williams v. Casebeer*, 53 Mo. App. 644.

The action of the court in giving and refusing instructions is complained of. The court at the instance of plaintiff gave the following instructions:

"Number 1. If the jury believe from the evidence that the alleged gifts by Pleasant Maze to A. J. Griffin, Jr., were made with the intent, on the part of Pleasant Maze, to hinder, delay and defraud Viola Maze in whatever judgment she might recover against said Pleasant Maze because of his wrongs to her as his wife, then such gifts are void and the jury will find the issues for Viola, and to make it so void said Griffin must have participated in said intent of said Maze; provided the jury find that said Viola Maze, subsequent to said alleged gifts, obtained the decree of divorce and judgment for alimony offered in evidence in this cause."

"Number 3. The jury are instructed that, in order to avoid the alleged gift of the certificate of deposit offered in evidence, it is not necessary that actual intent to defraud Viola Maze by Pleasant Maze and A. J. Griffin, Jr., be shown. Whatever satisfies the mind and conscience of the existence of fraud is sufficient."

"Number 6. If the jury find that said Maze made said alleged gifts at the time of, or after, his alleged wrongs to Viola Maze, and that they resulted in the decree of divorce and judgment for alimony in this cause, and that said Maze, because of his alleged gifts to said A. J. Griffin, was unable to pay said judgment for alimony, then said gifts, if fraudulently made, are void, and the jury will find the issue for said Viola Maze."

The court also at the request of the interpleader gave the following instruction:

"The jury are instructed that, if they believe from the evidence that at the time that the certificate of deposit, of date May 5, 1892, was assigned to the interpleader, the said Pleasant Maze had retained in his own right other property, subject to execution, of sufficient value to discharge in full the judgment afterward rendered for plaintiff, then your verdict will be for the interpleader."

The court refused to instruct the jury upon interpleader's request that Viola Maze was not a creditor of Pleasant Maze, and could not become such by recovering a judgment for alimony, and that he had a right to give away any of his property against her if he did so before the institution of the divorce suit.

The instructions of the interpleader which the court refused raise the main point relied on by appellant, namely, that as against his wife, Pleasant Maze had an absolute right to give away any of his personal property before the institution of the divorce suit, and hence no question of fraud can arise as to her in connection with any such gift.

This argument of the appellant purports to be based on the well established law that the wife, during the husband's lifetime, has no interest in his personal property, and that, in disposing of it in any manner, he can not commit a fraud against her. That such is the law is well settled in this state in a long series of adjudications beginning with *McLaughlin v. McLaughlin's Adm'r*, 16 Mo. 242, and ending with *Weindel v. Weindel*, 126 Mo. 640. But that is not the question before us. The transfer is not challenged by the plaintiff as *wife* of Maze, but as his *creditor*. A voluntary transfer made with intent to defeat future creditors is

VOL. 65 app—25

subject to attack by the creditor affected, and the mere fact that such creditor once bore the relation of wife to the party making the transfer can make no difference. We make this observation in view of the evidence tending to show that the transfer was made *prior* to the decree of alimony; because, if made subsequent to such decree, it was made as to an *existing creditor*. That the wife's claim to alimony is within the protection of statutes against fraudulent conveyances is well settled; in fact courts will, upon a proper showing, enjoin the husband from conveying away property whereby he might defeat the wife of alimony. 2 Bishop on Marriage, Divorce, and Separation, sections 1103–1107. It is immaterial whether the gift to others was made prior or subsequent to the institution of the divorce suit, if it clearly appears that it was made with a view of defeating the wife's relief, and made after the causes for divorce have arisen. That such was the intent with which the gift in the case at bar was made seems to be beyond all reasonable doubt, even if we take the interpleader's own evidence in connection with that part of plaintiff's which is wholly uncontradicted. The court, therefore, did not err in refusing the interpleader's instructions.

In view of the first instruction given for plaintiff, which put a greater burden of proof upon her than the law required, we are not prepared to say that instruction 3 was vague or misleading, although that instruction is inaccurately worded. We can not see how the jury, reading the instructions together, could have been misled.

But, while we find no error in the trial of the cause, the final judgment of the court was unquestionably erroneous. The court, after finding and adjudging the extent to which the money in the Boatmen's

Bank was subject to the plaintiff's claim and the costs of the proceeding, and ordering the payment of these claims out of the proceeds of the certificate deposited in court, thus winds up its decree:

"It is further ordered that, when said money is all paid, and this judgment is satisfied, the clerk of this court indorse on said certificate of deposit the amount of money so paid, and *then deliver said certificate to said Pleasant Maze.*" (The italics are ours.)

The court in its judgment entry overlooked the fact that, while the transfer of the certificate was found by the jury to have been fraudulent in so far as it affected plaintiff's rights, yet neither the plaintiff nor the court had under the pleadings and evidence any concern with the validity of the transfer in other respects. Under the pleadings and evidence Griffin, and not Maze, was entitled to the residue, and the court should have so ordered.

The judgment entry also contains the following recital, which is erroneous: "That said garnishee on or before the fifteenth day of April, 1895, pay to the sheriff of this court, to be by him paid over to the plaintiff or her attorneys of record *and to those entitled to it*, the said money so deposited, or a *sufficient amount thereof* to pay and satisfy the said judgment and costs of the plaintiff." Who is to judge who those entitled to it are, or what is a sufficient amount to pay them off? The order of the court should specify the amounts to be paid, and to whom to be paid, in direct terms, all the more so since the interpleader complains that certain costs have been erroneously charged against him.

For the purpose that these errors in the judgment entry may be remedied, and for no other purpose, the judgment herein is reversed and the cause remanded to the trial court, with directions to enter up a judgment

in conformity with the above suggestions, charging the plaintiff with the costs of this appeal. All the judges concur.